# CASES

IN THE

# APPELLATE · COURTS OF ILLINOIS.

FOURTH DISTRICT—FEBRUARY TERM, 1879.

## ADAMS EXPRESS COMPANY
### v.
### WILLIAM J. KING.

1. PLEADING—STATUTE OF LIMITATIONS.—A plea of the Statute of Limitations, in bar to an action on an unwritten contract, is sufficient if it alleges a lapse of ten years instead of five. The greater includes the lesser.

2. PLEADING—NON-RESIDENCE OF DEFENDANT.—It is not necessary to aver in the declaration, the non-residence of the defendant, and such averment is not traversable. Non-residence would become important only in case the Statute of Limitations should be pleaded, and then the better practice would be for plaintiff to reply specially the absence from the State, to defendant's plea.

3. DEMURRER—MATTERS OF FORM.—Questions relating to the form of a plea can be reached only by special demurrer.

4. CONTRACT OF CARRIER—CONDITIONS.—Suit was brought against an express company for a failure to carry safely a package of money. Defendant pleaded among other things a contract with a condition, setting it out. *Held*, that the proof would not sustain this averment if it appeared that the condition was not known or assented to by the plaintiff; that it was unnecessary to aver more than that it was the contract; if the condition was unknown and not accepted, it did not become a part of the contract.

ERROR to the County Court of Jackson county; the Hon. GEORGE W. ANDREWS, Judge, presiding.

Mr. E. C. DEVORE, for plaintiff in error; that the court

could not strike out words from a plea because they were interlined, cited Garrity v. Wilcox, 83 Ill. 159.

A court can only amend its judgment as to matters of form at a subsequent term; Smith v. Wilson, 26 Ill. 186; Cook v. Wood, 24 Ill. 295; Coughran v. Gutchens, 18 Ill. 390.

There must be some memoranda by which to make the amendment: 11 Ill. 587; 20 Ill. 46; 18 Ill. 391; Wallahan v. The People, 40 Ill. 102; Makepeace v. Lukens, 23 Ind. 435.

A party is entitled to notice of proceedings to reinstate a case; 26 Ill. 187.

A receipt given by a common carrier must be taken all together in giving it construction: Butler v. Steamer Arrow, 6 McLean, 470.

Possession of a receipt containing conditions is *prima facie* evidence that the possessor assented to its conditions, and the burden is upon him to show that he did not assent: Boorman v. Am. Ex. Co. 21 Wis. 152; King v. Woodbridge, 34 Vt. 591; Strohn et al. v. Detroit R. R. Co. 21 Wis. 554.

As to the right of a carrier to restrict his liability: Caldwell v. Southern Ex. Co. 21 Wall. 264.

A receipt with conditions is the contract between the parties: York County v. Central R. R. Co. 3 Wall. 107; Grace v. Adams, 100 Mass. 505; Kirkland v. Dinsmore, 62 N. Y. 161.

Defendant's third plea, setting out the conditions of the contract, and failure of plaintiff to give notice of loss, was good, and the demurrer should have been overruled: Adams' Ex. Co. v. Haynes, 42 Ill. 89; U. S. Ex. Co. v. Haines, 48 Ill. 248; U. S. Ex. Co. v. Haines, 67 Ill. 137; Anchor Line v. Dater, 68 Ill. 369.

The declaration should have averred that claim was made for the loss within thirty days: Southern Ex. Co. v. Caldwell, 21 Wall. 264; U. S. Ex. Co. v. Harris, 51 Ind. 127.

Messrs. BARR & LEMMA, Mr. C. H. LAYMAN and Mr. GEO. W. HILL, for defendant in error; that the limitation laws in force at the time the cause of action accrues, govern, cited Beesley v. Spencer, 25 Ill. 216; Rev. Stat. 1874, 1,046.

The statute in force when the receipt in this case was given,

allowed sixteen years in which to sue: Scate's Comp., Laws of 1849, 752.

A foreign corporation cannot plead the Statute of Limitations: Rev. Stat. Chap. 83, § 18; Tioga R. R. Co. v. Blossburg & Corning, 20 Wall. 137; 50 N. Y. 656; 5 Nev. 44; Ill. Cent. R. R. Co. v. Johnson, 34 Ill. 389.

The third plea of defendant amounted to the general issue and was demurrable: Ill. Cent. R. R. Co. v. Johnson, 34 Ill. 389; Zirkel v. Joliet Opera House Co. 79 Ill. 334.

The plea should have alleged the conditions of the receipt: Western Trans. Co. v. Newhall, 24 Ill. 466; Adams Ex. Co. v. Haynes, 42 Ill. 89; Ill. Cent. R. R. Co. v. Frankenberger, 54 Ill. 88; Anchor Line Co. v. Dater, 68 Ill. 370; 2 Parsons on Contracts, § 238.

Demurrer cannot be carried back to the declaration after general issue pleaded: Wear v. J. & S. R. R. Co. 24 Ill. 593; Chestnut v. Chestnut, 77 Ill. 346.

As to power of the court to amend its records: Bergen v. Riggs, 40 Ill. 61; Dunham v. South Park Commissioners, 10 Chicago Legal News, 74.

WALL, J. This was an action of assumpsit, by the defendant in error against the plaintiff in error. The amended declaration, filed at the January term, 1878, contained three counts: the first alleging that the plaintiff in error, on the 19th August, 1864, undertook to carry a valuable package from D. E. Bluff, Arkansas, and deliver it for plaintiff to James Brown, at Liberty, Illinois; and that the package was not so delivered, etc. The second count is in substance the same as the first, and the third is a common count for goods, wares and merchandise, etc. None of these undertakings were alleged to be in writing, but attached to the declaration was a copy of an express receipt for a package said to contain $170.00, dated D. E. Bluff, Aug. 19, 1864, with certain conditions not set out in either count.

The pleas filed were: 1st, non assumpsit; 2nd, Statute of Limitations, 10 years; 3d, that the supposed causes of action in the 1st, 2nd and 3d counts were for the same thing, to wit: a supposed failure to deliver the package in question; that by the

Adams Express Co. v. King.

terms of the contract the defendant was not to be liable for loss unless the claim was made in writing at the office of defendant in D. E. Bluff within thirty days from the date of the receipt, with the receipt or contract attached; that no such claim was presented within thirty days, nor within a reasonable time, nor at any time within thirteen years, etc. The court, on motion of the plaintiff, struck the 2nd plea from the files, and sustained a general demurrer to the 3d plea. The 2nd plea was properly entitled of the cause, and as to the 3d count, was good. It was good as to the 1st and 2nd counts, unless it can be said that they are upon a written instrument—but these counts do not in terms declare upon a written instrument. To all the counts the plea would have been good if it had averred the lapse of five years only. The greater includes the lesser, and it would seem to be no serious objection that it alleged ten years instead of five. It is urged that defendant is a foreign corporation, and could not avail of the Statute of Limitations. The declaration avers that defendant is, and was since the cause of action accrued, resident in New York, but it does not aver that defendant is a corporation. Wallace v. The People, 63 Ill. 451. The averment of non-residence in the declaration is not necessary and not traversable. The plaintiff, to recover, is not bound to prove the fact in the first instance. It could become important only in case the statute should be plead as a defense. The regular course of pleading was for defendant to set up the bar by plea, and for plaintiff to reply specially the absence from the jurisdiction. It was error to strike this plea from the files. The 3d plea was inartificially drawn, and was obnoxious to a special demurrer, for several reasons, assigned in the brief, but these objections could not be reached by general demurrer. We think it is good in substance. It is urged that this plea was interlined after filing, and that as originally drawn it was wholly insufficient. Since the record was filed in this court the court below on motion of plaintiff, struck out the words so interlined. Affidavit is made in this court by counsel who wrote the plea that the interlineations were made before it was filed, and the original has been sent here for inspection. We have examined it, and are unable to say from its appearance that the interline-

ations were made subsequent to the filing of the plea. They seem to be in the same handwriting and ink as the body of the plea, and this is consistent with the affidavit. However, we think the matters interlined are not essential. Without them the plea alleges that the contract contained the condition in question, and that this was a part of the agreement. The proof would not sustain this averment if it appeared that this condition was not known or assented to by the plaintiff; but it is unnecessary to aver in the plea more than that it was the contract. If the conditions were unknown and not accepted, they did not become a part of the contract. For the errors indicated the judgment is reversed and the cause remanded.

Reversed and remanded.