## THE STATE vs. RECTOR.

One of two counts of an indictment being good, a motion to quash will not lie.

### ERROR to St. Louis Criminal Court.

Stringfellow, *Attorney General, for the State.*

The act creating the offence of enticing away a slave, declares the same to be grand larceny, and the allegation at the conclusion of the second count, that "the defendant, in manner and form aforesaid, did feloniously steal, &c.," does not change the character or grade of the larceny, but is to be regarded as mere surplusage, adding a conclusion of law, and giving a name to the offence. Thus, the two offences charged in the two counts, do not differ, and may be joined. But it is insisted that several larcenies may be joined in the same indictment, though not in the same count.— It is no ground to quash, but only gives to the court, in its discretion, a right to compel the prosecutor to elect on which he will rely.

Napton, J., *delivered the opinion of the Court.*

This was an indictment under the 32nd section of the 3rd article of the act concerning crimes and punishments. The indictment charged that the defendant, on, &c., at, &c., "a certain negro woman slave for life, named Mary, then and there belonging to one William S. S., feloniously and wilfully did entice, decoy, and carry away, out of the State aforesaid, with intent then and there to procure and effect the freedom of the said slave, contrary," &c. The second count charges the offence in nearly the same language as the first, but concludes thus: "And so, the jurors aforesaid do say, that the said E. R. the said negro woman slave, named Mary, then and there, in manner and form aforesaid, feloniously did steal, take, and carry away, contrary," &c. The defendant moved to quash, because the counts could not be joined, and the same judgment could not be rendered. This motion was sustained.

The power of quashing indictments is a discretionary one in all cases, and very rarely to be exercised in a case of this character. The sufficiency of an indictment is properly tested by a demurrer or a motion in arrest. In indictments for lesser offences, below the grade of felony, the court may, in its discretion, quash, where the indictment is plainly defective; but in indictments for felonies, the defendant should, in general, be left to his demurrer or motion in arrest. 1 Ch. Pl., 300.

The first count of this indictment is clearly sufficient. The second

count was doubtless designed to charge the same offence, but would be held bad on demurrer, unless the last clause can be regarded as surplusage. Upon this, no opinion is given, as it is unnecessary. The case is not one in which a motion to quash was proper.

Judgment reversed.

