THE STATE v. LUCAS, Appellant.

Division Two, November 21, 1898.

1. Indictment: SPELLING OF WORD. The fact that the word "gilts," in an indictment for hog-stealing, is spelled "guilts," does not vitiate the indictment.

2. ———: QUASHING. The discretion of a trial court in ruling on a motion to quash an indictment can not be reviewed.

3. New Trial: AFFIDAVIT: BY WHOM MADE. A motion for a new trial must be supported by an affidavit of defendant, unless some excuse is shown for the omission.

4. ———: NEWLY DISCOVERED EVIDENCE. Newly discovered evidence which is merely for impeachment is not ground for a new trial.

*Appeal from Pulaski Circuit Court.*—HON. L. B. WOODSIDE, Judge.

AFFIRMED.

JOE MCGREGOR and MANES & DAVIS for appellant.

EDWARD C. CROW, Attorney-General, and SAM B. JEFFRIES, Assistant Attorney-General, for the State.

(1) We are unable to appreciate the force of defendant's motion to quash the indictment. It sets out a description of the property, and alleges it to have been stolen. It charges the act to have been committed by the defendant feloniously, and alleges ownership and value, as required. It is an exact

·copy, so far as may be, of the formula approved in Judge Kelley's work on Criminal Law, and has been followed by both the bar and courts of this State for many years. Kelley's Crim. Law, sec. 667. (2) Courts are very reluctant in granting new trials on the ground of newly discovered evidence. State v. Sansone, 116 Mo. 1. The general rule is that in order to warrant the granting of a new trial on the grounds of newly discovered evidence, the after-discovered evidence must be such as shows reasonable diligence on the part of the party offering it, and that it could not have been secured on the former trial without more than ordinary or due diligence upon the part of the defendant. It must be material and must go to the merits of the case, and not be merely cumulative, corroborative, collateral or impeaching; it must be such as to be decisive at another trial of an opposite result of the merits. Liberty v. Burns, 114 Mo. 426; State v. Potter, 108 Mo. 424. Newly discovered evidence, material only for the purpose of contradicting a witness, is not sufficient. State v. Welser, 117 Mo. 570.

SHERWOOD, J.—The jury impaneled to try defendant for grand larceny, said larceny consisting in stealing some hogs, as hereinafter described, found him guilty as charged, and assessed his punishment at two years in the penitentiary.

The indictment is as follows: "The grand jurors for the State of Missouri, summoned from the body of Pulaski county, impaneled, charged and sworn, upon their oaths, present that Ed. Lucas, late of the county aforesaid, on the 12th day of November, 1895, at the county of Pulaski, State aforesaid, eight head of hogs, one sow with both ears off, of the value of ten dollars; three guilts marked with a swallow fork and upper bit in the right ear, of the value of five dollars each, and four shoats marked with a swallow fork and upper bit in the right ear, of the value of two dollars and fifty cents each, and

all of the aggregate value of thirty-five dollars, of the personal property of one James Waymire, then and there being, feloniously did steal, take and carry away, against the peace and dignity of the State."

1.   The trial court very properly denied the motion to quash the indictment. It is in usual and approved form. The fact that the word *"gilts"* is spelled with a *u* does not vitiate the indictment. Mere bad spelling does not have that effect, where the meaning is plain, and the word used is *idem sonans* with the word properly spelled.  [1 Bishop New Cr. Proc., secs. 354, 357, 688.]

2.   Trial courts have a discretion as to quashing indictments which will not be revised by a higher court.  [1 Chit. Cr. Law, 300; 1 Bishop, New Cr. Proc., sec. 761; State v. Rector, 11 Mo. 28.]   So that, in any view, the mere failure to quash is not ground of appeal in this court.

3.   The evidence in this case is unquestionably sufficient to warrant the finding of the jury, and the instructions on the part of the State and on behalf of defendant set forth the law of the case very plainly before the triers of the facts.

4.   The motion for a new trial is unsupported by the affidavit of defendant; this is a fatal defect unless some valid excuse appears for the unwarranted omission.  [State v. McLaughlin, 27 Mo. 111; State v. Campbell, 115 Mo. 391; State v. Fischer, 124 Mo. 460.]

Besides, the only tendency of the supposed newly discovered evidence was to contradict a witness who had testified for the State.  This of itself, makes the application for a new trial on the ground of newly discovered evidence bad.  [State v. Welsor, 117 Mo. loc. cit. 583, and cases cited.]

5.   Relative to the alleged separation of the jury, the evidence, pro and con was submitted to the court, and we perceive no reason for disturbing its ruling in this regard.

These views result in affirming the judgment.  All concur.