63   451
132   50

MICHAEL WALLACE

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

1. PLEADING—*of the averment, as to the ownership of the property alleged to have been stolen, in an indictment for larceny.* The rule is, that property vested in a body of persons ought not to be laid, in an indictment charging a party with the larceny of the same, as the property of that body, unless such body is incorporated, but should be described as belonging to the individuals composing the company.

2. So where, in an indictment for larceny, it was charged that the property alleged to have been stolen was the property of the "American Merchants' Union Express Company," in the absence of an averment that such company was a corporation, it was *held*, that the ownership of the property was defectively stated, and the overruling of defendant's motion to quash the indictment on that ground, was fatal to the judgment.

WRIT OF ERROR to the Circuit Court of Perry county; the Hon. M. C. CRAWFORD, Judge, presiding.

Mr. EDWARD V. PIERCE, for the plaintiff in error.

Per CURIAM: At the May term, 1871, of the Perry county circuit court, the plaintiff in error was indicted for the crime of larceny. The indictment contains but a single count, in which it is charged that the property alleged to have been stolen was the property of the "American Merchants' Union Express Company."

A motion was entered to quash the indictment, which motion the circuit court overruled. A trial was subsequently had, and the plaintiff in error was found guilty, and thereupon he entered a motion in arrest of judgment, which was also overruled.

The rulings of the court on these motions are now assigned for error.

We are of opinion that the ownership of the property is defectively stated.

It is not averred that the American Merchants' Union Express Company is a corporation.

The rule seems to be well settled that property, vested in a body of persons, ought not to be laid as the property of that body unless such body is incorporated, but should be described as belonging to the individuals composing the company. Wharton's American Crim. Law, sec. 1828, p. 659; 2 Russell on Crimes, p. 100.

In this indictment, the property is not described as belonging to any natural person or persons, nor to any corporate body, and this defective statement was the ground of the motion in arrest.

The error was fatal, and the judgment must be reversed and the cause remanded.

*Judgment reversed.*