# NICHOLAS STAADEN

*v.*

# THE PEOPLE OF THE STATE OF ILLINOIS.

1. INDICTMENT—*for setting fire to a building to the injury of the insurer.* In an indictment against a party for setting on fire a building which was insured, to the injury of the insurer, it is necessary to aver the guilty intent, namely, that the building was insured against loss by fire, and that the accused set it on fire with intent to injure the insurer.

2.   Where the charge is, the intent was to injure a body of persons by a company name, unless such company is incorporated it should be averred the accused set the building on fire with intent to injure the persons composing that company, stating the names of such persons.

WRIT OF ERROR to the Circuit Court of DuPage county; the Hon. H. H. CODY, Judge, presiding.

This was an indictment against Nicholas Staaden, as follows:

"*First count*—Grand jurors present that Nicholas Staaden, late of Cook county, on the 28th day of July, A. D. 1874, in Cook county, Illinois, unlawfully, wilfully, feloniously and maliciously did set fire to a certain building therein situate, which said building was then and there used as and for a store and dwelling house, and which said building was then and . there insured against loss by fire in and by the Ætna Insurance Company of Hartford, Connecticut, with the intent ˙then and there to injure the said insurance company, contrary to the statute and against the peace and dignity of the same people of the State of Illinois.

"*Second count*—The grand jurors present that Nicholas Staaden, late of the county of Cook, on the said 28th day of July, A. D. 1874, in said county of Cook, in State of Illinois, with the intent to injure the said Ætna Insurance Company of Hartford, Connecticut, did then and there unlawfully, feloniously, wilfully and maliciously set fire to the building aforesaid, and that said building was then and there insured against loss by fire in and by the said insurance company, and that said building was then and there used as and for a store and dwelling house, and that said building was then and there the property of said Nicholas Staaden, and was then and there occupied by him, the said Staaden, contrary to the statute and against the peace and dignity of the same people of the State of Illinois."

Mr. THOMAS SHIRLEY, for the plaintiff in error.

Mr. JAMES K. EDSALL, Attorney General, for the People.

PER CURIAM: The indictment in this case was found under section 14, division 1, of the Criminal Code, and charges that plaintiff in error unlawfully, wilfully, feloniously and maliciously set fire to a building used as and for a store room and dwelling, which. building was insured against loss by fire in the Ætna Insurance Company of Hartford, Connecticut, with intent to injure that insurance company, contrary to the form of the statute. R. S. 1874, p. 354, sec. 14.

One objection taken is fatal to the present indictment. It was necessary to aver the guilty intent, viz: that the building was insured against loss by fire, and that the accused set it on fire with intent to injure the insurer. Although the pleader has attempted to make such an averment in this indictment, it is defectively done. It is apprehended the insurer must be a natural person or a body corporate—some party capable of being injured. It is not alleged the Ætna Insurance Company of Hartford, Connecticut, is an incorporated company under the laws of that State.

Where the charge is, the intent was to injure a body of persons by a company name, unless such company is incorporated it should be averred the accused set the building on fire with intent to injure the persons composing that company, stating the names of such persons. The case of *Wallace* v. *The People*, 63 Ill. 451, is an authority for this view of the law.

This was not done, and the motion to quash the indictment ought to have been allowed.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*