State v. Patterson.

## IN BANC.

---

## THE STATE v. PATTERSON, Appellant.

### Division Two, December 18, 1900.

1. **Indictment:** SUFFICIENCY.   The sufficiency of an indictment may be raised by a demurrer or motion in arrest.

2. ———: ———: EMBEZZLEMENT FROM COMPANY.   In an indictment for embezzlement from a company, it is necessary that it charge that the company is a corporation or copartnership, as the case may be, and if a copartnership, of whom it is composed.   This, on the theory that a defendant has the right to know who his accusers are.

Appeal from Stoddard Circuit Court.—*Hon. Frank R. Dearing*, Special Judge.

REVERSED AND REMANDED.

*Geo. Houck* and *Ralph Wammack* for appellant.

*Edward C. Crow,* Attorney-General, and *Sam B. Jeffries,* Assistant Attorney-General for the State.

(1) The omission was without prejudice to appellant. Any firm or corporation is known and referred to by its firm or corporate style. It could make no difference to the appellant whether the Adler-Goldman Commission Company was a corporation or a co-partnership composed of one Adler and one Goldman. Defendant was apprised of the name of the firm, whose money he was charged with embezzling, and it was not material to him whether it was a corporation or a co-partnership. In our daily business we carry on correspondence with firms, and deal with them in other ways, addressing them by their firm names, and in many cases we do not know nor do we ask or care whether the same are partnerships or corporations. State v. Mohr, 68 Mo. 305. Even if the indictment had described the money as belonging to some person unknown, it would have been good. State v. Martin, 28 Mo. 530; State v. Cortell, 53 Mo. 124. The question as to the strict title to the property is immaterial. State v. Moore, 61 Mo. 276; State v. Barker, 64 Mo. 282; State v. Flint, 62 Mo. 393; State v. Clarkson, 59 Mo. 149; State v. Martin, 28 Mo. 530; State v. Porter. 26 Mo. 201; State v. Scott, 48 Mo. 422; Hobb v. State, 9 Mo. 855; McDonald v. State, 8 Mo. 283. (2) The indictment alleges that defendant received the money by virtue of his office, and it is not necessary for it to allege from whom he received the money. State v. Flint, 62 Mo. 393; State v. Hays, 78 Mo. 600; State v. Noland, 111 Mo. 473.

BURGESS, J.—The defendant was indicted in the

circuit court of Stoddard county under section 3555, Revised Statutes 1889, for embezzling moneys which came into his possession by virtue of his office as sheriff of said county.

Defendant filed motion to quash the indictment upon various grounds assigned in the motion. The motion was overruled and he saved his exceptions. Upon trial he was found guilty by the jury, and his punishment fixed at two years' imprisonment in the penitentiary. He thereafter in due time filed motions for new trial and in arrest, which were overruled. He appeals.

While it is well settled that the power to quash an indictment is a discretionary one, and that the Supreme Court will not in any case of felony reverse a judgment of conviction, because the court below refused to quash the indictment under which the conviction was had, its sufficiency may be raised by demurrer or a motion in arrest. [State v. Rector, 11 Mo. 28; State v. Conrad, 21 Mo. 271; State v. Lichliter, 95 Mo. 402.]

The motion in arrest is leveled at the indictment which defendant insists is fatally defective, upon various grounds. It must be conceded that the indictment is very inartistically drawn but most of the objections which are urged against it seem to us to be either too technical to render it invalid, or, are not borne out by the record.

But an objection is made to it upon the ground that it does not allege that the Adler-Goldman Commission Company, whose moneys defendant is charged with embezzling, was either a corporation or co-partnership, and the question is, was it necessary to do so, in order to make a good indictment?

The indictment alleges that defendant was "sheriff of the county of Stoddard, and by virtue of his office as such sheriff was then and there intrusted with the collection of

three hundred and ninety dollars of lawful money of the United States, and being so intrusted and having charge and custody of said money belonging to and being the property of Adler-Goldman Commission Company and being so intrusted with and having the care, custody and control as aforesaid of the said three hundred and ninety dollars of the value of three hundred and ninety dollars the denomination of said moneys being to these jurors unknown, and, therefore, can not be given, of the money belonging to the said Adler-Goldman Commission Company by him received and taken into his possession and custody by virtue of his said office as sheriff to pay and deliver to said Adler-Goldman Commission Company, did unlawfully, fraudulently and feloniously embezzle, make way with and secrete and convert to his own use, and so the J. N. Patterson the money belonging to the Adler-Goldman Commission Company in manner and form aforesaid, feloniously did embezzle, steal, take and carry away against the peace and dignity of the State."

But it will be observed that it nowhere alleges that the Adler-Goldman Commission Company, was a corporation or a co-partnership of persons at the time the moneys came into the hands of defendant, or at the time of its alleged embezzlement by him.

It is only property of corporations, companies, or individuals, that is the subject of embezzlement under the statute, and it was therefore necessary that the indictment allege to which class the Adler-Goldman Commission Company, if either, belonged, in order to bring the offense within the meaning of the statute.

We are not at liberty to presume that the Adler-Goldman Commission Company is a company composed of certain individuals from the fact that "company" seems to be part of their name, for it is said: "That in an indictment noth-

ing material shall be taken by intendment or implication." [2 Hawk. P. C., Ch. 25, sec. 61; State v. Meyers, 99 Mo. 107.] The defendant had the right to know who his accusers were, and if a company or co-partnership of whom composed.

In Revis v. Lamme & Brothers, 2 Mo. 208, it was held that Lamme & Brothers was not a proper description of the plaintiffs, and it would seem that if such a description is not sufficient in a civil suit, that Adler-Goldman Commission Company, is not a sufficient description of the ownership of the moneys which are alleged to have been embezzled by defendant, as much more strictness is required in pleadings in criminal than in civil cases. The indictment is clearly bad.

The judgment is reversed, and the cause remanded.
*Gantt, P. J.,* and *Sherwood, J.,* concur.