## THE STATE v. HORNED, Appellant.

### Division Two, November 17, 1903.

Burglary: INFORMATION: OWNERSHIP OF BUILDING: FAILURE TO ALLEGE INCORPORATION. To constitute a valid charge of the offense of burglary, it is necessary to allege and prove the ownership of the building charged to have been burglarized. If the owner is a corporation, such fact must be alleged. An information which charges that defendant burglarized "the depot of the Mississippi River and Bonne Terre Railway," without alleging that said railway was a corporation, is defective.

Appeal from St. Francois Circuit Court.—*Hon. R. A. Anthony,* Judge.

REVERSED AND REMANDED.

*Edward C. Crow,* Attorney-General, and *Bruce Barnett* for the State.

"As nothing is left to intendment, the defendant is entitled to know whether the State intends to show ownership in a firm composed of individuals or in a corporation." State v. Jones, 168 Mo. 402. As the information in this case fails to allege whether the depot charged to have been burglarized was the property of a corporation or of a co-partnership, it would seem that the judgment will have to be reversed and the cause remanded.

FOX, J.—Appellant was convicted in the circuit court of St. Francois county of burglary and larceny and his punishment assessed at imprisonment in the penitentiary for three years; from this judgment, he appeals.

Appellant failed to file any bill of exceptions in this cause; hence, if there were any errors in the trial, they

have not been preserved in proper form, and there is nothing for review in this cause before this court except the record proper.

Appellant has not favored this court with a brief or even an assignment of errors, suggesting, in any particular, any fatal defect in the record before us, but notwithstanding this failure upon the part of the defendant, the law in criminal procedure imposes the duty upon this court, of making an examination of the record and determining the correctness or incorrectness of the same. In obedience to this duty, we have given the appellant the benefit of a careful investigation of the questions which arise, upon the record proper, which is now before us.

The information in this cause is the basis of the entire proceeding, hence, the sufficiency of the allegations charging the offense is the vital question before us.

The information upon which this conviction is predicated is as follows, omitting the caption and verification and indorsements:

"Now comes W. L. Hensley, prosecuting attorney within and for the county of St. Francois and State of Missouri, on behalf of the State of Missouri, and upon his oath of office, and upon his knowledge, information and belief, informs the court that John Horned, on the —— day of July, 1902, at and in the county of St. Francois and State of Missouri, did then and there feloniously and burglariously break into and enter a certain building, to-wit, the depot of the Mississippi River and Bonne Terre Railway in the town of Flat River, county and State aforesaid, in which said depot, certain goods, wares and merchandise and other valuable things were kept and deposited, with the intent feloniously, certain of the goods, wares and merchandise and valuable things in the said depot then and there so kept and deposited, feloniously and burglariously to steal, take and carry away, one suit of clothes of the value of thirty dollars, the personal property and chattels of one Wil-

liam Trauernicht and a certain lot of silverware of the value of twenty-five dollars the personal property and chattels of one J. J. McDaniels then and there in said depot being found, did then and there feloniously and burglariously steal, take and carry away, against the peace and dignity of the State.''

To constitute a valid charge for the offense of burglary, it is undisputed that the ownership of the building charged to have been burglarized must be alleged and, upon the trial of such charge, proved.    [2 East P. C. 650.]

It will be observed ''the information charges that the defendant did 'feloniously and burglariously break into and enter a certain building, to-wit, the depot of the Mississippi River and Bonne Terre Railway.' The information may be construed as meaning that the 'Mississippi River and Bonne Terre Railway' is the name of the owner of the depot, but it is not alleged that it was a corporation. If the 'Mississippi River and Bonne Terre Railway' was intended as the name of a co-partnership, the names of the individuals composing it are not alleged.''

The plain question confronts us, does the allegation, ''the depot of the Mississippi River and Bonne Terre Railway,'' meet the requirements of the well-settled law, in respect to the ownership of the building, charged to have been burglarized? We have reached the conclusion that it does not.

If the Mississippi River and Bonne Terre Railway was a corporation, it should have been alleged and also proved. The defendant was entitled to know whether the State intended to show the ownership of the building in a corporation or a business firm doing business under that name. It may be ever so notorious that the railway mentioned was a corporation, yet that would not supply the necessary allegation that it was a corporation, in the information or indictment. The general reputation and notoriety that it was a corporation

would be sufficient proof of the existence of the corporation, by virtue of the provisions of section 2634, Revised Statutes 1899; but, before that proof would be admissible, there must be an appropriate allegation in the information upon which to base it. In the case of State v. Jones, 168 Mo. l. c. 402, this court clearly announced the rule as to the sufficiency of the allegations in an information, charging the offense of burglary. Speaking through GANTT, J., it was said in that case:

"This brings us to the last objection to the information, which is that it fails to aver the ownership of the burglarized property and stolen goods in that it merely charges the store to have been the property of the Drysdale-Ulen Hardware Company, and the stolen goods to be the personal property of said hardware company, and fails to state that it was a firm composed of certain natural persons or that it was a corporation.

"It has always been necessary to allege and prove the ownership of the house charged to have been burglarized and the ownership of chattels alleged to have been stolen. [2 East P. C. 650.] Where ownership is laid in a corporation, the fact of the incorporation should be alleged, and this is not affected by the fact that proof of the existence of the corporation *de facto* will sustain the charge. As nothing is to be left to intendment, the defendant is entitled to know whether the State intends to show ownership in a firm composed of individuals or in a corporation. In this case he raised the objection in his motion in arrest, but it has often been ruled that he may take advantage of the defect in the indictment in this court for the first time. [State v. Patterson, 159 Mo. 98, 59 S. W. 1104; Wharton's Crim. Law, secs. 1828 and 1833; 2 Russell on Crimes, p. 100; Wallace v. People, 63 Ill. 451; 1 Bishop's Crim. Proc. (3 Ed.), sec. 682; State v. Mead, 27 Vt. 722; Cohen v. People, 5 Parker's C. R. 330; 2 Archbold's Crim. Pl., 359; White v. State, 24 Tex. App. 231; Thurmond v. State, 30 Tex. App. 539; McCowan v. State, 58 Ark.

17.] There are cases to the contrary in other States, but in the absence of a statute we are relegated to the common law, and we hold the information bad in substance in failing to allege the names of the co-partners if the Drysdale-Ulen Hardware Company was a firm, and if a corporation in not alleging it was a corporation.''

Apply the rule as announced in that case to the allegations in the information before us for review, and the same conclusion must be reached.

The Attorney-General, in his brief on file in this cause, with commendable frankness concedes that the judgment must be reversed for the reasons herein indicated.

This judgment will be reversed and the cause remanded, in order to afford the prosecuting attorney an opportunity of filing a new information, in harmony with the views herein expressed.

All concur, except *Burgess, J.,* absent.