## THE STATE v. DANIEL D. KELLEY et al., Plaintiffs in Error.

**Division Two, November 19, 1907.**

1. **WRIT OF ERROR: Time for Suing Out.** A writ of error if sued out one year after sentence and judgment, although several years after a plea of guilty was entered, is timely.

2. ————: **No Motion in Arrest.** Writs of error lie to correct errors apparent on the record even though no motion in arrest was filed in the trial court.

3. ————: ————: **Defective Information: Plea of Guilty.** A plea of guilty admits the truth of whatever is sufficiently charged in the information, but no more. If it charges no crime, then none is confessed by a plea of guilty, and defendant may take advantage of such defective information by a writ of error, as he can of other errors apparent of record, whether or not he has previously filed a motion in arrest or other motion.

4. **INFORMATION: Burglary: Corporation: Proof.** An information which charges burglary of the depot of the St. Louis & San Francisco Railroad Company, without charging that said railroad company is a corporation or copartnership, is fatally defective. The ownership of the house burglarized should be laid, and when ownership is laid in a corporation the fact of incorporation should be alleged; nor is this charge effected by the fact that proof of the existence of the corporation *de facto* will sustain the charge.

5. ————: **Larceny: Corporation.** An information which charges burglary of the depot of the St. Louis & San Francisco Railroad

Company and the larceny of goods and chattels "of the Wells Fargo Express Company then and there in said depot being found," without charging said express company to be a corporation or copartnership, is fatally defective as a charge of larceny.

6. **BURGLARY AND LARCENY: Separate Punishments: Plea of Guilty.** Where the information charges both burglary and larceny, and defendant enters a plea of guilty, the court should assess separate punishment for each offense, and an assessment of one imprisonment of ten years on the plea of guilty is erroneous.

Error to Dent Circuit Court,—*Hon. L. B. Woodside,* Judge.

REVERSED AND REMANDED.

*J. D. Gustin* and *Gratia E. Woodside* for plaintiffs in error.

(1) The information is insufficient to support the verdict and judgment. The building charged to have been broken into and entered is alleged, inferentially, to have been the property of the St. Louis and San Francisco Railway Company, but it is not alleged in the information that that railway company was a corporation or that it was a co-partnership. This the defendants were entitled to know by the record, and the allegation that it was one or the other is indispensably necessary to the sufficiency of the information. If a corporation, the fact of incorporation must be set out; if a co-partnership, names of the partners must be stated. The same defect is apparent in the charge of larceny, the Wells Fargo Express Company, alleged as the owner of the property charged to have been stolen, not being described as a corporation or otherwise. State v. Jones, 168 Mo. 402; State v. Horned, 178 Mo. 59; State v. James, 194 Mo. 268. (2) Writ of error lies to correct errors apparent on the record; any defect that may be reached by timely motion in arrest of judgment may be reviewed and cor-

rected on writ of error. State v. McGee, 8 Mo. 495; State v. Vaughn, 26 Mo. 29; State v. Meyers, 99 Mo. 107; State v. Levy, 119 Mo. 434. And this notwithstanding the plea of guilty to the charge made or attempted to be made in the court below. State v. Levy, 119 Mo. 434; State v. Rosenblatt, 185 Mo. 114. Nor is it a necessary prerequisite that motion in arrest should have been made prior to appeal or writ of error. State v. Vaughn, 26 Mo. 29. (3) The plaintiffs in error, defendants below, were jointly charged in the same information with burglary and larceny, but upon their plea of guilty the court failed to assess the punishment of each defendant separately for each offense. The information being insufficient to support either charge, the verdict and judgment can not stand. State v. Dooley, 64 Mo. 146.

*Herbert S. Hadley*, Attorney-General, and *N. T. Gentry*, Assistant Attorney-General, for the State.

(1) The information, which was accompanied by the affidavit of the prosecuting attorney, is sufficient in form and substance. Kelley's Crim. Law, sec. 609; State v. James, 194 Mo. 269; State v. Watson, 141 Mo. 338. (2) Counsel for the State have filed a motion to quash this writ of error and dismiss this case, because said writ was not sued out till more than twelve months after the plea of guilty entered by the defendant. R. S. 1899, sec. 837. (3) The trial court failed to assess the punishment of each defendant separately for each offense. The record shows that each defendant entered a plea of guilty to the charge of burglary and larceny; that each was sentenced to ten years in the penitentiary. The trial court should have assessed the punishment separately for each offense, and it is respectfully suggested that if this court can consider this case at all, the case be remanded with directions to the trial court to assess the punishment for each offense separately. R. S. 1899, secs. 2648 and 2649.

GANTT, J.—On the 23rd of February, 1901, the prosecuting attorney of Dent county filed the following information, duly verified, in the office of the clerk of the circuit court of said county:

"State of Missouri vs. Daniel D. Kelley, Nicholas Gardner, James Blackburn, James Wallace:—Burglary and Larceny.

"Now comes A. E. McGlashan, prosecuting attorney within and for Dent county, in the State of Missouri, and informs the court that Daniel D. Kelley, Nicholas Gardner, James Blackburn and James Wallace, on the 23rd day of February, 1901, at and in Dent county, State of Missouri, did feloniously and burglariously break into and enter a certain building, to-wit, the depot of the St. Louis and San Francisco Railway Company, there situate, the same being a building in which divers goods, chattels and merchandise and valuable things were then and there kept and deposited, with the intent the goods, chattels, merchandise and valuable things in said depot then and there being then and there feloniously and burglariously to steal, take and carry away. And two revolvers, three watches, one pipe and other chattels of the value of thirty dollars, the personal property and in the lawful possession of the Wells Fargo Express Company then and there in the said depot being found, did then and there feloniously and burglariously steal, take and carry away, against the peace and dignity of the State.

"A. E. McGLASHAN,
Prosecuting Attorney."

The defendants were arrested and afterwards on the 26th of February, 1901, the following record was made in the said cause:

February 26, Special Term, 1901.

"State of Missouri vs. Daniel D. Kelley, Nicholas Gardner, James Blackburn and James Wallace. Burglary and Larceny.

"Now at this day the defendants are brought into court and having no counsel and no means to employ counsel, J. M. Stephens and J. F. Eaves are appointed by the court to defend said defendants.

"Now at this day comes the prosecuting attorney of Dent County, Missouri, and the said defendant Daniel D. Kelley, in proper person and by attorney, and the said defendant being arraigned upon an information filed by the prosecuting attorney of said county charging defendant with burglary and larceny in breaking into and entering into the depot building of the St. Louis and San Francisco Railroad Company at Salem in said county and State, and the said defendant for plea to said information says he is guilty in the manner and form as charged in the information, and his punishment is assessed at ten years imprisonment in the State penitentiary.

"Now at this day comes the prosecuting attorney of Dent county, Missouri, and the said Nicholas Gardner in proper person and by attorney, and the said defendant being arraigned upon an information filed by the prosecuting attorney of said county charging said defendant with burglary and larceny in breaking into and entering the depot building of the St. Louis and San Francisco Railroad Company at Salem, in said county and State, and said defendant for plea to said information, says he is guilty in manner and form as charged in the information, and his punishment is assessed at ten years imprisonment in the State penitentiary.

"Now at this day comes the prosecuting attorney of Dent county, Missouri, and said defendant James

Blackburn in proper person and by attorney, and said defendant being arraigned upon an information filed by the prosecuting attorney of said county charging defendant with burglary and larceny in breaking into the depot building of the St. Louis and San Francisco Railroad Company at Salem, in said county and State, and the said defendant for plea to said information says he is guilty in manner and form as charged in the information, and his punishment is assessed at ten years imprisonment in the State penitentiary.

"Now at this day comes the prosecuting attorney of Dent county, Missouri, and the defendant James Wallace in proper person and by attorney and said defendant being arraigned upon an information filed by the prosecuting attorney of said county charging defendant with burglary and larceny in breaking into and entering the depot building of the St. Louis and San Francisco Railroad Company at Salem, in said county and State, and the said defendant for plea to said information says he is guilty in manner and form as charged in the information, and his punishment is assessed at ten years in the State penitentiary."

And thereafter each of the defendants filed his motion in said court to set aside his plea of guilty in said cause and give him a new trial therein, and the court made an order continuing the said motion. The record of the circuit court of Dent county is silent as to the further disposition of these causes until August 22, 1906, when the said several motions of the said defendants were taken up and by the court overruled, and thereupon the court entered the following sentence and judgment in each of the cases save and except as to the name of the defendant:

April Term, 1906, August 22, 1906.
"State of Missouri vs. James Blackburn. Burglary and Larceny of Depot Building.
"Now at this day comes the prosecuting attorney

who prosecutes the pleas of the State, and also the defendant James Blackburn, in proper person and by attorney, and this cause coming on for hearing, it appears to the court that the said defendant on the 26th day of February, 1901, in this court entered his plea of guilty to burglary and larceny as charged in the information in this cause, and his punishment was assessed by the court at ten years imprisonment in the State penitentiary at Jefferson City, Missouri, and it further appearing to the court that at the time of his entering said plea, there was another and separate charge and information pending against said defendant in this court for burglary and larceny on and in another and different building than the one charged in this information, in which said other building was located a U. S. Postoffice, and which other charge of burglary of said postoffice building was within the jurisdiction of the United States district court, and after the said defendant had entered his plea of guilty, and his punishment was assessed in this cause, as aforesaid, the defendant was turned over to the officers of the United States Government to be tried for said other offense, to-wit, breaking into said postoffice building, and that said defendant had been held by the United States Government upon such other charge from then until the present time, by reason of which fact of the defendant being in charge of the United States Government on said charge he has not been sentenced on his plea in this cause before the present time, and the motion filed by the defendant on the said 26th day of February, 1901, asking to be allowed to withdraw his plea of guilty in this cause, having this day been denied and overruled, and the defendant being informed by the court of his plea of guilty, and that the punishment had been assessed by the court at ten years imprisonment in the State penitentiary of Missouri, and that his motion to withdraw said plea had been denied and overruled, and he was

asked by the court whether he had any legal cause to show why judgment should not be pronounced against him upon said plea of guilty and assessment of punishment, and no sufficient cause being shown, it is ordered and adjudged by the court that the said James Blackburn be kept and confined in the State penitentiary of Missouri, at Jefferson City, Mo., for a period of ten years from this 22nd day of August, 1906, and that the sheriff of Dent county, Missouri, convey the said defendant to Jefferson City, Missouri, and there deliver him to the warden of the State penitentiary, to be kept and confined by him in said penitentiary for a period of ten years from this date; and it is further ordered and adjudged that the State recover of and from the defendant her costs in this behalf expended and that execution issue therefor.''

On August 6, 1907, the defendants sued out their writ of error in this cause, and the record has been certified to this court for review.

I.    The Attorney-General filed his motion to dismiss the writ of error herein for the reason that it was not brought within one year after the pleas of guilty had been entered by the defendants. This motion was overruled for the reason that writs of error lie only from final judgments and the defendants could not prosecute their writ of error until they had been sentenced by the circuit court, and the writ was sued out in this case within the year after the final judgment and sentence had been rendered against them. [Sec. 837 and sec. 2697, R. S. 1899.]

II.    Writs of error lie to correct errors apparent on the record even though no motion in arrest was filed in the circuit court. In State v. Rosenblatt, 185 Mo. l. c. 119, it was said: ''Numerous decisions of this court attest that a defendant in a criminal case may take advantage of a material defect apparent of record, though such point be raised for the first time in this court:

[McGee v. State, 8 Mo. 495; State v. Meyers, 99 Mo. 107.] And if no crime is charged in the indictment, then none is confessed by pleading guilty thereto, and the effect of such a plea only amounts to an admission by record of the truth of whatever is sufficiently urged in the indictment, and will not prevent the defendant from taking advantage of the defects apparent of record on writ of error. [1 Bish. New Crim. Proc., 795; State v. Levy, 119 Mo. 434; Fletcher v. State, 12 Ark. 169; Wharton's Crim. Pl. and Prac. (9 Ed.), sec. 413; Henderson v. State, 60 Ind. 296; Com. v. Kennedy, 131 Mass. 584.]''

The first error assigned by the defendants is that the information is insufficient to support the verdict and judgment, for the reason that while the pleader attempted to charge burglary of the depot of the St. Louis and San Francisco Railroad Company, there was no allegation that the said railroad was a corporation or a co-partnership. In State v. Jones, 168 Mo. l. c. 402, it was ruled by this court that it was necessary to allege and prove the ownership of the house charged to have been burglarized and the ownership of chattels alleged to have been stolen (2 East P. C. 650), and that where ownership is laid in a corporation the fact of the incorporation should be alleged, and this is not effected by the fact that proof of the existence of the corporation *de facto* will sustain the charge. As nothing is to be left to intendment the defendant is entitled to know whether the State intends to show ownership in a firm composed of individuals or in a corporation. In State v. Horned, 178 Mo. 59, the doctrine announced in the Jones case was approved. In that case there was an attempt to charge burglary of the Mississippi and Bonne Terre Railway, but the Attorney-General admitted that the information was bad because the information failed to show whether the said railroad company was a corporation or a co-partnership, and the judgment

was reversed on that ground. The doctrine of the foregoing two cases was reaffirmed in State v. James, 194 Mo. 268. Adhering to those cases, it must be held that the information in this case is fatally defective for the reason that it is nowhere alleged that the said railroad company was a corporation or a co-partnership, and the same is true as to the larceny count. It does not appear whether Wells-Fargo is a corporation or a firm of individuals.

III. Error is also assigned upon the action of the court in the assessment of the punishment. The information charged both burglary and larceny and the statute affixes different punishments for each, but it will be observed that the court in its assessment of the punishment did not assess the punishment of each for each offense separately, but simply assessed a punishment of ten years upon the plea of guilty. It is conceded by the Attorney-General that the circuit court should have assessed the punishment separately for each offense. In State v. Rowe, 142 Mo. 439, the defendant was convicted under an indictment charging him with burglary in the second degree and larceny, and the verdict read, "We the jury find the defendant guilty as charged in the indictment and assess his punishment at imprisonment in the State penitentiary for a period of five years." Speaking of this verdict, this court said: "There being two separate and distinct offenses charged, upon either one of which or both the defendant might have been convicted if the evidence was sufficient, and acquitted of one or altogether if insufficient, it is impossible to determine from the verdict whether the jury intended to find him guilty of both charges, or to find him guilty of one, and acquit him of the other, and if the latter, of which one of the charges they intended to find him guilty. Such a verdict cannot stand. It is too in-

definite and uncertain.'' It follows that the judgment
of the circuit court was also erroneous in not separate-
ly assessing the punishment for the burglary and the
larceny. For the errors noted, the judgment of the cir-
cuit court is reversed and the cause remanded and the
warden of the penitentiary will deliver the defendants
to the marshal of this court to be returned to Dent
county.

   *Fox, P. J.,* and *Burgess, J.,* concur.