## THE STATE v. WILLIAM CLARK, Appellant.

### Division Two, November 23, 1909.

1. **INFORMATION: Larceny: From Company.** An information charging that defendant did steal, take and carry away certain goods and chattels "of the Chicago, Burlington & Quincy Railway Company, then and there being," is insufficient in not alleging the names of the firm, if said company was a partnership, and if a corporation, in not alleging it was a corporation. Nothing can be taken by intendment.

2. ————: ————: ————: **Cured by Proof.** And a failure to allege that the said railroad company was a corporation cannot be cured by proof that it was a corporation.

Appeal from Livingston Circuit Court.—*Hon. Francis H. Trimble,* Judge.

REVERSED AND REMANDED.

*Scott J. Miller* and *Fred S. Hudson* for appellant.

*Elliott W. Major,* Attorney-General, and *John M. Dawson,* Assistant Attorney-General, for the State.

The court submitted the cause to the jury upon the first count of the information. Upon examination of the first count of the information, we find that the ownership of the goods and chattels were alleged to be and belong to "The Chicago, Burlington & Quincy Railway Company." It is not alleged whether "The Chicago, Burlington and Quincy Railway Company" is a copartnership or a corporation. State v. Pollock,

State v. Clark.

105 Mo. App. 277; State v. Kelley, 206 Mo. 693; State v. Horned, 178 Mo. 59; State v. Jones, 168 Mo. 402.

BURGESS, J.—Upon a criminal charge hereinafter set out by a count of the information to be quoted, the defendant was found guilty, and his punishment fixed at two years in the penitentiary.

Going to the statement and brief for the State, it appears that the prosecuting attorney of Livingston county filed an information against the defendant, charging, in the first count, as follows:

"Comes now John H. Taylor, prosecuting attorney within and for Livingston county, Missouri, and informs the court, on his oath of office, on his own knowledge, information and belief, that Wallace Roland and Wm. Clark, on or about the 27th day of November, 1906, at Livingston county, Missouri, twenty-four pairs of shoes of the value of fifty-six dollars and forty cents, of the goods and chattels of the Chicago, Burlington & Quincy Railway Company, then and there being, feloniously did steal, take and carry away; against the peace and dignity of the State."

The second count was not submitted by the trial court to the jury, and further mention thereof is not necessary.

To this information a proper motion to quash was filed, raising the question hereinafter to be discussed. This motion was overruled, and the defendant forced to trial, with the result aforesaid. Motions for new trial and in arrest of judgment were likewise filed and overruled. From the judgment of conviction the defendant has appealed.

The chief point is the sufficiency of the first count of the information upon which the conviction was had. Counsel for the defendant couch their chief objection in this language: "The information in this case is faulty. In fact, there is no information at all. The

information fails to allege that the Chicago, Burlington & Quincy Railway Company is either a natural or artificial person, and it has been held by the Supreme Court, in a direct case, that this of itself is an insufficient information, in failing to allege the ownership of the property.''

It will not be necessary to go further than this proposition. There is no allegation that the alleged party owning the property said to have been stolen is an individual, a copartnership, or a corporation. This court cannot, at least, take cognizance of the fact that the alleged owner is a corporation or a copartnership, however we might view the name in the information as indicative of an individual. In this case the name given of the alleged owner of the alleged stolen property is such that we know it is not that of a single natural individual, and it must, therefore, be the name of either a corporation or a copartnership. The information does not charge whether it is one or the other, and if a copartnership, the respective members thereof. Not only should the information properly charge the facts in this regard, when designating the ownership of property, but the proof must accord with this required allegation. If the allegation is absent from the information, the mere matter of proof would not cure this fatal defect in the pleading.

The precise question in this case was discussed in the case of State v. Jones, 168 Mo. l. c. 402, where we then said:

''This brings us to the last objection to the information, which is that it fails to aver the ownership of the burglarized property and stolen goods in that it merely charges the store to have been the property of the Drysdale-Ulen Hardware Company, and the stolen goods to be the personal property of said hardware company, and fails to state that it was a firm composed of certain natural persons, or that it was a corporation.

"It has always been necessary to allege and prove the ownership of the house charged to have been burglarized, and the ownership of chattels alleged to have been stolen. [2 East, P. C. 650.] Where ownership is laid in a corporation, the fact of the incorporation should be alleged, and this is not affected by the fact that proof of the existence of the corporation *de facto* will sustain the charge. As nothing is to be left to intendment, the defendant is entitled to know whether the State intends to show ownership in a firm composed of individuals or in a corporation. In this case he raised the objection in his motion in arrest, but it has often been ruled that he may take advantage of the defect in the indictment in this court for the first time. [State v. Patterson, 159 Mo. 98; Wharton's Crim. Law, secs. 1828 and 1833; 2 Russell on Crimes, p. 100; Wallace v. People, 63 Ill. 451; 1 Bishop's Crim. Prac. (3 Ed.), sec. 682; State v. Mead, 27 Vt. 722; Cohen v. People, 5 Parker's C. R. 330; 2 Archbold's Crim. Pr. and Pl. 359; White v. State, 24 Tex. App. 231; Thurmond v. State, 30 Tex. App. 539; McCowan v. State, 58 Ark. 17.] There are cases to the contrary in other States, but in the absence of a statute we are relegated to the common law, and we hold the information bad in substance in failing to allege the names of the copartners, if the Drysdale-Ulen Hardware Company was a firm, and if a corporation, in not alleging it was a corporation."

This rule has been consistently followed by this court. In the very late case of State v. Kelley, 206 Mo. l. c. 693-4, we said:

"In State v. Jones, 168 Mo. l. c. 402, it was ruled by this court that it was necessary to allege and prove the ownership of the house charged to have been burglarized and the ownership of chattels alleged to have been stolen (2 East P. C. 650), and that where ownership is laid in a corporation the fact of the incoporation should be alleged, and this is not affected by the

fact that proof of the existence of the corporation *de facto* will sustain the charge. As nothing is to be left to intendment the defendant is entitled to know whether the State intends to show ownership in a firm composed of individuals or in a corporation. In State v. Horned, 178 Mo. 59, the doctrine announced in the Jones case was approved. In that case there was an attempt to charge burglary of the Mississippi and Bonne Terre Railway, but the Attorney-General admitted that the information was bad because the information failed to show whether the said railroad company was a corporation or a copartnership, and the judgment was reversed on that ground. The doctrine of the foregoing two cases was reaffirmed in State v. James, 194 Mo. 268. Adhering to those cases, it must be held that the information in this case is fatally defective for the reason that it is nowhere alleged that the said railroad company was a corporation or a copartnership, and the same is true as to the larceny count. It does not appear whether Wells-Fargo is a corporation or a firm of individuals."

Whatever may be the rulings elsewhere, it follows that under the rulings of this court the first count of the information upon which the defendant was convicted is fatally defective, in not charging whether the alleged owner of the property was a corporation or a copartnership, and if a copartnership, in not giving the individual members thereof.

Defendants in criminal cases are entitled to be informed by the pleadings of the charges against them, and the question of the ownership of property in burglary or larceny is an essential element in the charge.

Further questions raised by the briefs need not be noted. This case will be reversed and remanded, to be hereafter dealt with in accordance with the views hereinabove expressed.

All concur.