State v. Murphy.

STATE OF MISSOURI, Respondent, v. R. E. MURPHY, Appellant.

Springfield Court of Appeals, May 6, 1912.    Motion for Rehearing Denied, June 3, 1912.

1. CRIMINAL LAW: Misbranding Non-Alcoholic Drinks: Information. The information charging defendant with having in his possession with intent to sell certain non-alcoholic drinks, which were misbranded, is examined and *held* defective in failing to properly charge defendant with using the names of the manufacturers other than himself and in further using the word "manufactures" instead of "manufacturers."

2. ———: ———: ———: Naming Manufacturers. The information charging an offense under the statute prohibiting the misbranding of non-alcoholic drinks, where it is alleged that defendant had used bottles bearing the name of manuturers other than himself, should name the other manufacturers whose names the defendant is charged with using, in order that he may know of what his alleged offense consists.

3. ———: Information: Indictment: Charge Must be Specific. It is a settled rule of pleading in a criminal prosecution that the charge against the defendant must be sufficiently specific that the party charged will not be required to go beyond the information or indictment in order to learn the nature of the charge against him or to learn what issues he must meet.

Appeal from Greene Criminal Court.—*Hon. Alfred Page*, Judge.

REVERSED AND REMANDED.

*J. J. Gideon* and *J. C. West* for appellant.

(1) The information fails to charge that the bottles used by the defendant were bearing the name of some person or corporation, who were then and there manufacturers of the described drinks. Nor does the information charge that the Queen City Broom & Bottling Company or the Scholten Bottling Company, or either of said companies, then and there existed in Springfield, Missouri, or any other place; nor whether either or both are manufacturers; nor whether either

are persons, firms or corporations having an existence. State v. Patterson, 159 Mo. 102; State v. Jones, 168 Mo. 402; State v. Horned, 178 Mo. 62; State v. Kelley, 206 Mo. 693; State v. Clark, 223 Mo. 51. (2) The information must bring the defendant strictly and certainly within the terms of the offense described by statute and leave nothing to conjecture or inference and nothing is taken by intendment. State v. Latshaw, 63 Mo. App. 500; State v. Morrison, 64 Mo. App. 508; State v. Broeder, 90 Mo. App. 165; State v. Gassard, 103 Mo. App. 145; State v. Runzi, 105 Mo. App. 330; State v. Renkard, 150 Mo. App. 573. (3) The word "manufactures" as used in the information is not a misspelled word and while the scrivener may have intended to use the word "manufacturers" and follow the word of the statute, he did not; and the rule of *idem sonans* does not apply. State v. Clinkenbeard, 135 Mo. App. 191; State v. Fairlamb, 121 Mo. 153.

*J. H. Mason,* prosecuting attorney, for respondent.

(1) It is obvious that the first point relied upon by appellant for a reversal of the judgment of the trial court is untenable, all authorities cited in support of respondent's failure to allege in the information that the Queen City Broom & Bottling Company and the Scholten Bottling Company were copartnerships or corporations, has no application to the case at bar. Such a requirement only applies in cases involving buildings burglarized and property stolen, or converted, or wherein property rights are affected and is one of the essentials of the offense charged. State v. Clarke, 223 Mo. 51; State v. Kelley, 206 Mo. 693; State v. Horned, 178 Mo. 62; State v. Pollock, 105 Mo. 278. (2) True it is that the word manufacturers is not spelled in the information as the same appears in this enactment of the Legislature, still this cannot work harmful error to defendant as the

rule of *idem sonans* obviously applies in this case, as well as section 5115, Revised Statutes 1909, known as the Statute of Jeofails. State v. Lucase, 147 Mo. 70; State v. Miller, 156 Mo. 76; State v. Vaughn, 141 Mo. 514.

COX, J.—From a conviction upon a charge of having in his possession with intent to sell certain non-alcoholic drinks which were misbranded defendant has appealed.

The only question raised in this court goes to the sufficiency of the information which is as follows:

"J. H. Mason, prosecuting attorney within and for the county of Greene, in the State of Missouri, under his oath of office informs the court that R. E. Murphy, late of the county and state aforesaid, on the 26th day of July, A. D. 1911, at the county of Greene and state of Missouri, did then and there willfully and unlawfully have in his possession with intent to sell the same, certain non-alcoholic drinks, which non-alcoholic drinks were manufactured and produced by the said R. E. Murphy, to-wit: One bottle of Colo Coke, two bottles of Chocolate Soda, and one bottle of Strawberry Soda, which were then and there misbranded in this, that is to say, two of said bottles as aforesaid, were then and there branded Queen City Broom and Bottling Company, Springfield, Missouri, and two of said bottles were branded Scholten Bottling Company, Springfield, Missouri, and all were marked registered, said bottles then and there bearing the name of manufactures other than the said R. E. Murphy, who was then and there using the same, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the state."

There are two objections to this information. First: Does not allege that "Queen City Broom and Bottling Company," and "Scholten Bottling Com-

pany," are corporations or partnerships or a trade name assumed by an individual.

Second: That it does not charge defendant with using the name of manufacturers other than himself.

This information is drawn under Session Acts 1911, pages 261 and 262, which is directed against the adulteration or misbranding of non-alcoholic drinks. The provisions of this act as far as applicable to this case are as follows:

"Section 1. Non-Alcoholic Drinks Not to be Adulterated or Misbranded.—That it shall be unlawful for any person, firm or corporate body, by himself, itself or themselves, or by his, her, its or their agents, servants or employees, to manufacture, sell, offer for sale, expose for sale, or have in possession with intent to sell, any article of non-alcoholic drink which is adulterated or misbranded, within the meaning of this act."

Section 4. "That for the purpose of this act non-alcoholic drink shall be deemed to be misbranded. . . .

"Third: If the bottle or receptacle containing it be one bearing the name or brand of a manufacturer other than the one using it whether or not the latter attaches a label·to said bottle or receptacle so bearing a name or brand."

The intention of the prosecutor was to charge the defendant with using the names of other manufacturers, to-wit, "Queen City Broom and Bottling Company," and "Scholten Bottling Company," upon his own goods. To make this charge in a legal way it is necessary to name the other manufacturers whose names the defendant is charged with using in order that he may know of what his alleged offense consists and that he may be able to prepare a defense if he has any. Unless the "Queen City Broom and Bottling Company," or the "Scholten Bottling Company" was the name of another manufacturer the defendant cannot be guilty of a violation of the statute in using that name for he may use any name that he may wish upon

his own product so he does not use a name used by some other manufacturer. It is a settled rule of pleading in a criminal prosecution that the charge against the defendant must be sufficiently specific that the party charged will not be required to go beyond the information or indictment in order to learn the nature of the charge against him or to learn what issues he must meet. Looking to this information he could not know whether to prepare to meet proof that these manufacturers were corporations, or partnerships, or some individuals whose names are not given, using the names therein designated as trade names only. This information is open to the first objection made against it. [State v. Clark, 223 Mo. 48, 122 S. W. 665; State v. Kelley, 206 Mo. 685, 693, 105 S. W. 606; State v. Patterson, 159 Mo. 98, 59 S. W. 1104.]

This information is also bad in not charging that the names used by defendant were the names of manufacturers. "Manufactures" and "manufacturers" are not *idem sonans* but are separate and distinct terms with separate and distinct meanings, the one meaning the maker of the goods and the other the goods themselves. Judgment reversed and cause remanded. All concur.

Springfield Court of Appeals, May 6, 1912.   Motion for Rehearing Denied, June 3, 1912.