### C. W. GREEN v. THE STATE.

#### No. 4756. Decided December 19, 1917.

1.—Embezzlement—Indictment—Ownership.

Where the allegation of ownership is laid in other than a natural person, it is essential that it show whether the owner is a corporation or not, and an allegation of ownership in Mesquite Camp No. 575, Woodmen of the World, a fraternal order and society, is not sufficient in alleging ownership of the personal property embezzled. Following Leonard v. State, 7 Texas Crim. App., 417, and other cases.

2.—Same—Evidence—Lodge—Expulsion of Members.

Upon trial of embezzlement it was error to introduce in evidence the minutes of the lodge showing that defendant had been expelled therefrom, and that the lodge had offered a reward for his arrest, and which was passed in the absence of the defendant. Following Tippens v. State, 43 S. W. Rep., 1000, and other cases.

Appeal from the District Court of Foard. Tried below before the Hon. J. A. Nabers.

Appeal from a conviction of embezzlement; penalty, a fine of $250 and thirty days confinement in the county jail.

The opinion states the case.

*Robert Cole* and *D. J. Brookerson,* for appellant.—On question of

indictments: Thurmond v. State, 30 Texas Crim. App., 539, 17 S. W. Rep., 1098.

On question of introducing the resolution of lodge showing the expulsion of defendant: Sorrell v. State, 74 Texas Crim. Rep., 505, 169 S. W. Rep., 299, and cases stated in the opinion.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—This is a prosecution for embezzlement founded upon a count in the indictment which charged appellant embezzled money belonging to Mesquite Camp No. 575, Woodmen of the World, a fraternal order and society.

The sufficiency of the indictment is challenged upon the proposition that ownership is not sufficiently alleged; that is to say, the charging of the ownership in Mesquite Camp No. 575, Woodmen of the World, a fraternal order and society, is not a sufficient compliance with the law which requires the indictment to state the name of the owner of the personal property embezzled. In indictments for theft and embezzlement it is essential that the name of the owner, if known, shall be stated. C. C. P., art. 457, and notes; Vernon's Crim. Stats., vol. 2, p. 206; Leonard v. State, 7 Texas Crim. App., 417; Riley v. State, 32 Texas, 763; Turner v. State, 32 S. W. Rep., 767. Where the allegation of ownership is laid in other than a natural person, it is essential that it show whether the owner is a corporation, or not. White v. State, 24 Texas Crim. App., 231; Thurman v. State, 30 Texas Crim. App., 539; Roby v. State, 41 Texas Crim. Rep., 152, 51 S. W. Rep., 1115; State v. Horned, 76 S. W. Rep., 953; 18 Am. & Eng. Annotated Cases, page 1120; 122 S. W. Rep., 666; Maddox v. State, 42 S. E. Rep., 709; Wallace v. State, 63 Ill., 451; Nasets v. State, 32 S. W. Rep., 698; Martin v. State, 21 Texas Crim. App., 1, 5 S. W. Rep., 859.

It is manifest that in the instant case the ownership is not laid in a natural person. The name given may be that of a corporation or of some other form of organization or association. We have a statute, article 4827, Revised Statutes, defining fraternal beneficiary associations, and recognizing a form of government therefor. The failure to classify, by allegation, the owner of the property, and the fact that the alleged name of the owner negatives the idea of a natural person, brings about an uncertainty which is fatal to the indictment. It furnishes, by averment, no basis for proof of want of consent, and renders the indictment in this case fatally defective.

There are other errors which are not likely to occur upon another trial, and are, therefore, not discussed. The introduction in evidence of the minutes of the lodge of Mesquite Camp No. 575, Woodmen of the World, showing that appellant had been expelled from the lodge, and also showing that the lodge had offered a reward for his arrest, was inadmissible, and was such an error as would have necessitated a reversal of the case. This resolution was passed in the absence of

the defendant, and was obnoxious to the rule against hearsay evidence, and harmful in that it involved the opinion and conclusion of the persons present at the meeting that appellant was guilty. The case of Tippens v. State, 43 S. W. Rep., 1000, is parallel in that it involved the introduction of proof of the expulsion of the appellant in that case from church. Similar·facts were also passed upon in Manley's case, 153 S. W. Rep., 142, in which proof was introduced that the appellant was expelled from the Masonic lodge and reasons therefor given.

Because of the insufficiency of the indictment, the judgment of the lower court is reversed and the cause dismissed.

*Dismissed.*