STATE OF MISSOURI, APPELLANT, v. CHARLES P. NOELL AND WILSON NOELL, RESPONDENTS.*

St. Louis Court of Appeals.    Opinion filed May 3, 1927.

1.—**Barratry—Defined.** Barratry is the offense of frequently exciting and stirring up quarrels and suits, either at law or otherwise.

2.—**Indictment and Information—Criminal Accusation—How Brought—Information.** A criminal accusation must be brought by a formal charge, openly made against the accused either by indictment or information filed in court; the information permitted in Missouri being a written accusation of crime preferred by a public prosecuting officer without the intervention of a grand jury.

3.—**Same—Same—Accused Entitled to be Apprised of Nature and Cause of Offense.** Although unnecessary forms and extreme technicalities, even in criminal pleadings, should be discarded, there never can be an impairment of the accused's right to have the nature and cause of the accusation against him substantially set forth, therefore, an indictment must allege the offense with such fullness and precision that the defendant may know for what acts he is being prosecuted.

4.—**Same—Same—Bill of Particulars.** A bill of particulars in a criminal case has never prevailed in Missouri.

5.—**Barratry—Statute—Information—Sufficiency.** An information charging defendants with being common barrators under section 3174, Revised Statutes 1919, in that defendants did move and stir up divers quarrels, strifes, suits, and controversies among the people then and there being, to the common nuisance of all the people, **held** insufficient in that it does not clearly point out to them the specific acts complained of so that they could prepare themselves to meet such charge, the information being gauged as the complete charge against the defendants, since a bill of particulars does not exist in Missouri.

*Corpus Juris-Cyc. References: Barratry, 7CJ, p. 925, n. 4; p. 927, n. 928, p. 928, n. 42; Controversy, 13CJ, p. 843, n. 73 New; Indictments and Informations, 31CJ, p. 559, n. 1; p. 565, n. 90; p. 569, n. 68; p. 661, n. 95; p. 750, n. 50; Quarrel, 32Cyc, p. 1286, n. 42 New; Strife, 37Cyc, p. 336, n. 31 New.

Appeal from the Circuit Court of Marion County.—Hon. Charles T. Hays, Judge.

AFFIRMED.

*Ben Ely, Jr.*, Prosecuting Attorney and *Roy Hamlin* for appellant.

(1) In general where no modifying statute has been adopted and no contrary practice can be shown to have existed in this State the common-law forms of indictment prevail in Missouri. State v. Meyers (1889), 99 Mo. 107, 116; State v. Cook (1902), 170 Mo. 214; State v. Cars (1897), 142 Mo. 610. (2) The information in the case at bar follows the form immemorially used at common law and approved in many of our sister States whose statutes and constitutional provisions are the same as our own. Com. v. Davis (1831), 28 Mass. (11 Pick.) 359; Com. v. Snelling, 15 Pick. 432; Parcel's Case, Croke. Eliz. 195; Reg. v. Hannon, 6 Modern 311; Rex v. Urlu, 2 Saunders 308; Hawkins, Pleas of the Crown I, ch. 81, sec. 5; 2 Chitty Criminal Law, 233. (3) It is the purpose of an information to state only the issuable facts which are necessary elements in the State's case—the operative facts which give rise to the cause of action—and not mere evidentiary facts tending to prove these operative or ultimate facts. State v. Becker (1913), 248 Mo. 555, 154 S. W. 769; Mark Yick Hee v. U. S. (C. C. A. 2nd Ct., 1915), 39 C. C. A. 262, 223 Fed. 732. (4) The operative fact in a barratry case is the general habit or practice of defendant to go about stirring up strife and lawsuits and not the stirring up of any particular suit or suits. Bouvier's Law Dictionary (3 Ed.), p. 327; 4 Blackstone's Commentaries, 134; Coke on Littleton, 368; 5 Cyc. 617; Voorhees v. Door, 51 Barber (N. Y.) 580, 586.

*Abbott, Fauntleroy, Cullen & Edwards* for respondent.

(1) A common barrator is one who stirs up strife either in court or out of court, and to charge one with being a common barrator does not inform him whether he is charged with stirring up legal strife or circulating rumors, reports or disturbing the peace outside of court. 7 C. J., pp. 925, 926; Coke Litt. 268. (2) In an indictment for champerty it is not sufficient to charge one with being a common champertor, but the facts constituting the crime should be set forth, and the same rule must necessarily apply to other similar cases. Wharton's Crim. Pl. & Pr. (9 Ed.), p. 159, sec. 231; Wharton's Crim. Pl. & Pr. (9 Ed.), p. 105; U. S. v. Robinson, 266 Fed. 245; Bishop's Crim. Procedure (4 Ed.), sec. 532. (3) The information in this case is defective because it does not inform the defendant of

the nature and cause of the accusation made against him. Cons. of Missouri, sec. 22; State v. Stoe, 132 Mo. 199; State v. Murphy, 141 Mo. 270; State v. Meisenberger, 171 Mo. —; State v. Ashner (Mo.), 216 S. W. 1014. (4) The statutes of Missouri have modified in a large measure the old common law as to barratry. R. S., sec. 691; O'Connor v. Transit Co., 198 Mo. —; In re Sizer & Gardener, 300 Mo. 369. (5) The indictment is defective because two cannot be jointly indicted for barratry. 7 C. J. 927; Rex v. Philips, 2 Str. 921, 93 Reprint 943.

DAUES, P. J.—The prosecuting attorney of Marion county commenced this prosecution by the filing of an information in the Hannibal Court of Common Pleas, charging the defendants with the crime of barratry, a misdemeanor under our statute. The case went to the circuit court of that county on a charge of venue, where defendants interposed a demurrer to the information; this the lower court sustained. The State has appealed.

Omitting formal parts, the information charges:

"That said defendants Charles P. Noell and Wilson Noell, on the —— day of ——, A. D., 1926, and at the said township of Mason, county of Marion, did then and there unlawfully from the —— day of ——, 1926, until the —— day of ——, 1926, and on each and every one of said days, were and are common barrators, and then and there, to-wit: on the said first-mentioned day, and thence to the day of the filing of this information, and on each and every one of said days, did move and stir up divers quarrels, strifes, suits and controversies among the people then and there being, to the common nuisance of all the people and against the peace and dignity of the State."

The demurrer, very lengthy and divided into eleven parts, is to the effect that the information does not set forth facts upon which its legal conclusion is based; does not give the nature and cause of the accusation against the defendants; that the information is so deficient that after trial the defendants would not be afforded a good basis for a plea of *autrefois acquit* or *autrefois convict*.

Section 3174, Revised Statutes Missouri 1919, provides that one convicted as a "common barrator" shall be deemed guilty of a misdemeanor and fixes the punishment. The statute does not attempt to define the crime of barratry. This, then, is left to the common law. We have not been afforded the citation of a single case in Missouri (nor can we find one) where this section of the statute has been involved. The reports of England and several of our States do contain cases involving indictments for barratry.

The lower court concluded on demurrer that the information did not sufficiently set out the nature and cause of the accusation. While

this objection reaches back to our bill of rights, the Courts of Appeal have repeatedly decided attacks against a criminal charge for misdemeanor on this ground, and have measured the sufficiency of a charge on the general rule and the judicial decisions that an information or indictment must sufficiently advise the defendant so that he may make a proper defense. [See State v. Murphy, 164 Mo. App. 204, l. c. 208, 147 S. W. 520.]

Barratry is the offense of frequently exciting and stirring up quarrels and suits, either at law or otherwise. [4 Bla. Com. 134. See 1 Cowp. 154, by Lord MANSFIELD; Bouvier's Law Dic. 327.]

Under the common law, an indictment for this offense must charge the offender with being a common barrator. [1 Siderfin's Reports, 282.] The proof must show at least three instances of offending. [Commonwealth v. McCulloch, 15 Mass. 227; State v. Simpson, 1 Bal. (S. C.) 379; Commonwealth v. Mohn, 52 Pa. 243.] Our labor, then, is to first examine the general principles relating to the necessity, form and sufficiency of a formal accusation in criminal prosecutions.

Wherever established rules of criminal law exist it is fixed that a criminal accusation must be brought by a formal charge, openly made against the accused either by indictment or information filed in court. One is charged in law with a crime when he is called upon to answer such accusation. The information permitted in our jurisdiction is a written accusation of crime preferred by a public prosecuting officer without the intervention of a grand jury. So far as this question now before us is concerned, it is the same as an indictment. The caption and conclusion of informations and indictments need not be discussed. The vital part, then, is the charging part of the instrument. This contains the charge against the accused, and it has always been the anxiety of the courts to require a close observance of established forms and precedents in this particular. While there has been, of recent years, a more liberal deviation from such precedent, the charge always must be sufficient in all essentials to properly advise the accused of the nature of the crime with which he is charged. Whether the State proceeds by indictment or by information, the accused is, and always must be, entitled to be apprised of the distinct charge made against him in order that he may fully prepare for his defense. No system of jurisprudence could afford a fair trial unless this is required. While, as already said, there has been a yielding in the matter of form, the courts never have held that there can be any lessening in the rules that the substance— the nature and cause of the offense—must be sufficiently set forth.

Lord Hale has said that unseemly niceties in some indictments tend to reproach the law. That is true, but our American courts have avoided these prolixities but also are always sure not to in-

fringe the substantial rights of the accused, and we embrace the idea that unnecessary forms and extreme technicalities, even in criminal pleadings, should be discarded, but never can there be an impairment of the accused's right to have the nature and cause of the accusation against him substantially set forth. And the rule always insists that an indictment must allege the offense with such fullness and precision that the defendant may know for what acts he is being prosecuted. A discussion of the modern trend in criminal procedure may be found in 14 Ruling Case Law, 171.

In the instant case we have the statute simply denouncing barratry. No definition of the offense is given. The mere general or generic term used in the statute does not sufficiently define the crime or set forth all the essential elements thereof, and of course the language of this statute is not sufficient. The information, then, must cover the elements of the crime as it comes from the common law. And in considering the information before us we must have in mind, too, that authorities from States which recognize a bill of particulars in criminal cases are not available to us in this adjudication. Missouri, as the bench and bar understand it, does not have such procedure.

In State v. Quinn, 40 Mo. App. 627, this court, through Judge ROMBAUER, announced that a bill of particulars in a criminal case has never prevailed in this State. This is the only reference that we can find on this question in our reports, and the State's Attorney says that this statement in the Quinn case is *obiter dictum*. But whether it is or not, we may proceed, we think, upon the complete recognition of the bench and bar that no such pleading as a bill of particulars exists in this State.

The prosecuting attorney evidently took the form of this information from Kelley's Criminal Law and Practice (3 Ed.), p. 761. That form is taken from 2 Bishop's New Cr. Proc. Kelley in his work, section 858, says that it is sufficient to thus charge the defendant with being a common barrator without showing any particular fact. Yet, says the author, "it has been the practice for the prosecutor to give the defendant, before trial, a note of the particular acts which the prosecutor intends to prove against him," citing Commonwealth v. Davis, 11 Pick. (Mass.) 432.

We have carefully read the Davis case, decided in 1831. The court clearly proceeded upon the theory that the bill of particulars did furnish the accused with information that certain matters before certain magistrates and against certain individuals for certain offenses constituted the charge, and the court held that it was not necessary to give Christian names of the parties in the bill of particulars, but that initials would suffice, and this because the point was not raised until after conviction. Of course, if we had such practice here, we

would measure the charge as lighted by the bill of particulars, but such not being the practice, we look to the information alone.

Now, the information charges that the defendants stirred up quarrels, strifes, suits and controversies. A quarrel is usually defined as a brawl or altercation. Strife is defined by the lexicographers as a contention for superiority; it is a contest. A suit we need not define. Controversy is an exceedingly broad term, usually applied to any disputation. The information concludes that all of these acts were done to the common nuisance of the people. The complete charge is all-embracing and does not clearly point out to the defendants the specific acts complained of. What would be the limit of the proof of the State in this case? How could the defendants prepare themselves to meet this charge? Among whom did they stir up quarrels? What strife was created or stirred up? What suits were agitated? What controversies were promoted; with whom and about what? How could the defendants meet this accusation before trial and prepare themselves in their defense? The defendants certainly, and at least, were entitled to be informed whether the State intended to try them for their habits in stirring up lawsuits or litigation, or whether their conduct was to stir up other contentions.

The old indictments for barratry go back to the unenlightened and superstitious days of the earliest common law, when witchcraft indictment cases were considered. The form of this information comes from this early period. But even in those cases, and in the early American cases, the prosecution proceeded upon the theory, and did in fact furnish a bill of particulars to the defendant before trial, which is quite different from the situation in this State at the present time. Indeed, the meaning of barratry, as applied to activities of attorneys at law, is greatly different today than existed in the early days of English jurisprudence. This will be seen from In re Sizer and Gardner, 306 Mo. 356, 267 S. W. 922.

In United States v. Robinson, 256 Fed. 240, l. c. 245, a case decided by Judge Pollock, sitting in the Western District of Oklahoma, an indictment for conspiracy, which charged that excessive prices were exacted for necessary food products, was held bad though the statute used the word "excessive" and the word has a well-defined meaning, yet the court held that the indictment itself must state the particulars so as to give some basis showing that an excessive price was exacted. In discussing that case, the court said, l. c. 245:

"The word 'rascal' also has a dictionary definition; so do the words 'villain' and 'villainous.' But who would have dreamed or contended, no matter what form the criminal act took, an indictment merely charging a citizen with being or acting as a villain or a villainous rascal would define or charge him with any possible criminal offense."

In Wharton's Crim. Pl. & Pr. (9 Ed.), p. 105, it is said:

"As the indictment must contain a specific description of the offense, it is not enough to state a mere conclusion of law. Thus, it would be insufficient to charge the defendant with 'stealing' or 'murdering.' So it is bad to accuse him of being a common defamer, vexor or oppressor of many men, or a common disturber of the peace, and having stirred up divers quarrels, or a common forestaller, or a common thief, or a common evildoer, or a common champertor, or a common conspirator, or any other such vague accusation."

We have paused before holding this information insufficient in the face of similar indictments elsewhere, though they are very old. But since a bill of particulars does not exist in this State, the information must be gauged as being the complete charge against the defendants, and we cannot bring ourselves to the view that this information is sufficient.

It is said in State v. Murphy, 164 Mo. App. 204, l. c. 208, 147 S. W. 520, that:

"It is the settled rule of pleading in a criminal prosecution that the charge against the defendant must be sufficiently specific that the party charged will not be required to go beyond the information or indictment in order to learn the nature of the charge against him or to learn what issues he must meet. Looking to this information he could not know whether to prepare to meet proof that these manufacturers were corporations, or partnerships, or some individuals whose names are not given, using the names therein designated as trade names only. This information is open to the first objection made against it. [State v. Clark, 223 Mo. 48, 122 S. W. 665; State v. Kelley, 206 Mo. 685, 693, 105 S. W. 606; State v. Patterson, 159 Mo. 98, 59 S. W. 1104.]"

We conclude that the learned trial judge correctly sustained the demurrer, and accordingly the judgment is affirmed. *Becker* and *Nipper, JJ.,* concur.