## W. B. Cupp v. The State.

No. 9916.     Delivered April 21, 1926.

**Embezzlement—Indictment—Held Insufficient.**

Where an indictment charging embezzlement fails to allege the ownership of the draft, or the proceeds thereof, which were the subject of the embezzlement, such an indictment is clearly void. In indictments for theft and embezzlement it is essential that the name of the owner, if known, must be set out. Following Green v. State, 82 Tex. Crim. Rep. 420; 199 S. W. 622 and other cases cited.

Appeal from the District Court of Erath County. Tried below before the Hon. J. B. Keith, Judge.

Appeal from a conviction for embezzlement, penalty seven years in the penitentiary.

*Frazier & Averitt* of Hillsboro, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BURKE, JUDGE.—The appellant was convicted in the District Court of Erath County for embezzlement, and his punishment assessed at seven years in the penitentiary.

The appellant was charged by indictment with embezzlement under Art. 1534 of the 1925 Penal Code (old code Art. 1416) and convicted upon the fourth count in said indictment, which is as follows:

"And the Grand Jurors aforesaid upon their oaths aforesaid in and to said Court do further present that W. B. Cupp on or about the 5th day of February, A. D., 1925, and anterior to the presentment of this indictment, in the County of Erath and State of Texas, was then and there the agent of A. R. Richards a private person, and the said W. B. Cupp did then and there fraudulently embezzle and convert to his own use, without the consent of the said A. R. Richards, a certain draft and the proceeds thereof, said draft being of the tenor following:

THE BLUFF DALE STATE BANK.

Customers Draft                 Bluff Dale, Texas, Feb. 5, 1925.

Pay to the order of Bluff Dale State Bank $5,000.00 (Five Thousands & no-100 Dollars.)   Value received and charge same to account of          with exchange.

To First National Bank, Whitney.

A. R. RICHARDS.

the said draft being of the value of Five Thousand Dollars ($5,000.00) which said draft and the proceeds thereof had come into the possession and was under the care of the said W. B. Cupp by virtue of his said agency."

It is the contention of the appellant that said indictment is void and charges no offense against him, and that the court was in error in overruling his motion to quash same. It will be observed that said indictment fails to allege that the owner-

ship of said draft, or the proceeds thereof, was in A. R. Richards, which we think renders said indictment clearly void, and the contention of the appellant will have to be sustained. Taylor v. State, 29 Tex. Crim. App. 466; Green v. State, 82 Tex. Crim. Aep. 420, 199 S. W. 622.

In the Green case, supra, Presiding Judge Morrow, in passing upon the sufflciency of an indictment for embezzlement, stated: "In indictments for theft and embezzlement it is essential that the name of the owner, if known, shall be stated," citing statutes, Leonard v. State, 7 Tex. Crim. App. 417, Riley v. State, 32 Tex. 763, and Turner v. State, 32 S. W. 767.

There are other questions presented in the record, but in view of the disposition we have made of this case, we deem further discussion unnecessary.

Because of the insufficiency of the indictment, the judgment of the lower court is reversed and the cause ordered dismissed.

*Reversed and dismissed.*

The foregoing opinion by the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.