Anne FRIEDMAN, Plaintiff-Appellant,

v.

Earl I. MILLER et al., Members of the Civil Service Commission of St. Louis County, Defendants-Respondents.

No. 36140.

Missouri Court of Appeals, St. Louis District, Division Three.

May 27, 1975.

Motion for Rehearing or Transfer Denied June 26, 1975.

Application to Transfer Denied Sept. 8, 1975.

Newmark & Baris, Irl B. Baris, Kenneth H. Graeber, St. Louis, for plaintiff-appellant.

Thomas W. Wehrle, St. Louis County Counselor, Andrew J. Minardi, Assoc. County Counselor, David V. Collignon, Asst. County Counselor, Clayton, for defendants-respondents.

McMILLIAN, Judge.

This is an appeal by Anne Friedman, a civil service employee of St. Louis County, Missouri, who served as a Senior Revenue Clerk in the Department of Revenue, Division of Assessment and Extension, from a judgment of the Circuit Court of St. Louis County, affirming the decision of the Civil Service Commission (hereinafter referred to as "Commission") § 536, RSMo 1969, V.A. M.S. To seek reversal Miss Friedman claims that the court erred in sustaining the decision of the Commission because (1) a defective notice given by the Assessor; and (2) the decision was unsupported by competent and substantial evidence upon the whole record. Our review of the entire record convinces us that neither claim of error has any merit and, accordingly, we affirm the judgment of the Circuit Court.

The evidence shows that on 1 May 1963 the Assessor gave Miss Friedman a notice of termination effective at the close of the business day but failed to set out the reasons for discharge. On 9 May 1963 Miss Friedman appealed her dismissal. On 10 May 1963 Mr. Chambers, Personnel Director, notified both the Assessor and Miss Friedman that no action could be taken on employee's dismissal until Miss Friedman had been furnished a statement of the reasons for discharge. Thereafter, on the same day, the Assessor, by letter, informed Miss Friedman that she was discharged for failure to perform her duty of processing certain personal property declarations by the end of the tax year 1962, which resulted in loss assessments. By letter, dated 31 May 1963, once again Miss Friedman appealed the dismissal; denied the charges and stated that the failure on her part to process the declarations was not her fault but was due to workloads thrust upon her, and the refusal of her superiors to permit the work to be done.

On 20 June 1963, the Commission held its hearing and found, on the procedural point, that on or before 1 May 1963, Miss Friedman was advised orally of the reasons for her discharge, but that the written notification of discharge which she received on that date failed to state any reasons; that on 10 May 1963, a written notification with a statement of reasons was mailed to her, which she received on or about 13 May 1963; and during the course of the hearing, the County tendered to Miss Friedman its check representing full pay up to the time of her receipt of a proper notice.

■ Although, as found by the Commission, that initially there may have been some procedural irregularities, we find that they were effectively cured—because subsequently she was informed in full as to the reasons for discharge, participated fully in a five-day hearing at which time she put forth her defense with the assistance of counsel, and was tendered in full compensation for the period between the defective

notification of discharge and date of receipt of the written statement of charges. Consequently, we find no prejudice to Miss Friedman's rights under Missouri law, since she was given notice, a specification of the charges, and an opportunity to be heard. *State ex rel. Hamilton v. Kansas City,* 303 Mo. 50, 259 S.W. 1045 (1923); *State ex rel. Rawlings v. Kansas City,* 213 Mo.App. 349, 250 S.W. 927 (1923) and *State ex rel. Denison v. City of St. Louis,* 90 Mo. 19, 1 S.W. 757 (1886). Therefore, we rule this contention against Miss Friedman.

■ Our review under the Administrative Procedure Act, Chapter 536, is limited to those matters enumerated in § 536.140, RSMo 1969. Specifically, our review of the Commission is limited to a determination of whether the Commission could have reasonably reached its result upon consideration of all the evidence before it or whether the Commission's decision was clearly contrary to the overwhelming weight of the evidence. *Blunt v. Parker,* 495 S.W.2d 708, 712 (Mo.App.1973); *City of Kirkwood v. Missouri State Bd. of Mediation,* 478 S.W.2d 690 (Mo.App.1972); *McCallister v. Priest,* 422 S.W.2d 650 (Mo.1968), and *Johnson v. Priest,* 398 S.W.2d 33 (Mo.App.1965).

■ The Commission found that the Assessor dismissed Miss Friedman because of her failure to process a quantity of personal property declaration forms which was part of her assigned duties and that her failure was such a grave matter that it justified her dismissal. The Commission, in reaching its decision, took into account the extenuating circumstances raised by Miss Friedman to the effect that she made efforts to alert her supervisors that she had insufficient time to process the trailer court forms; noted that the evidence was conflicting; and found that the weight of the evidence justified a finding that her efforts to alert her supervisor were meager and did not relieve her of her responsibility for completing her assigned task. A well-settled principle in administrative law is that the credibility of witnesses is for the administrative body to determine and we, as a reviewing court, must give deference to the findings of the administrative body on the credibility of witnesses appearing before the body. *Johnson v. Priest, supra.*

■ From our reading of the record, we find full support for the Commission's decision. The record clearly establishes that Miss Friedman had responsibility for the trailer court assessments in 1960, 1961 and 1962; that she knew that if the trailer court assessments were not placed on the rolls by 31 December 1962, tax revenues would be lost; that 208 trailer court declarations were not placed on the rolls for the tax year ending 31 December 1962; that a pricing and sampling of 52 or 25% of the outstanding 208 trailer court declarations showed a loss of $84,240; and that her defense that her supervisors had not allowed her to complete the cards and press of business interfered with her opportunity to complete the cards did not exculpate her.

Based upon the foregoing evidence and findings, we conclude that there was sufficient and competent evidence upon the record as a whole from which the Commission could have reasonably reached its decision.

Judgment of the Circuit Court is affirmed.

SIMEONE, P. J., and RENDLEN, J., concur.