Harold B. HOLLEY, Appellant,

v.

The PERSONNEL ADVISORY BOARD
OF the State of Missouri et al.,
Respondents.

No. KCD 27042.

Missouri Court of Appeals,
Kansas City District.

March 29, 1976.

Motion for Rehearing and/or Transfer
Denied May 3, 1976.

Application to Transfer Denied
June 14, 1976.

Thomas J. Downey, Jefferson City, for appellant.

Richard C. Ashby, Jefferson City, for respondents.

Before DIXON, P. J., PRITCHARD, C. J., and WASSERSTROM, J.

PRITCHARD, Chief Judge.

The Personnel Advisory Board of the State of Missouri, after hearing, affirmed the suspension and dismissal by the appointing authority, the Division of Mental Health, of appellant who was an Alcohol Counselor Assistant I of the Western Missouri Mental Health Center in Kansas City, Missouri. The Advisory Board found: "That the preponderance of the credible evidence and testimony offered at the hearing clearly indicated that the said Harold B. Holley was incompetent and inadequate in the performance of the duties of his position and that he was frequently absent from his place of duty without authority on the ward where appellant was assigned his place of duty; That he was habitually tardy in reporting for duty or absented himself without authority frequently from duty during regular working hours; That on or about April 7, 1972, he left the institution with important statistical reports and thereafter was absent without authority for two days; That he was late for work or absent and on February 28, 1972, received a three-day suspension for failure to report to work." The trial court affirmed the decision and order of the Personnel Advisory Board, finding that it "is lawful, reasonable, proper and is based on competent and substantial evidence upon the whole record."

One preliminary matter must be considered. Respondents have filed a motion to dismiss Point V of appellant's reply brief and the argument portion of his reply brief wherein he contends "V. The judgment of the circuit court affirming the agency is unlawful because the decision of the Personnel Advisory Board did not include or was not accompanied by findings of fact and conclusions of law as required by Section 536.090." In support of the motion, respondents say the reply brief issue was not raised in his original brief, nor in respondents' brief, but that the matter is an improper attempt to enlarge the issues by presentation in the reply brief. An inspection of the records reveals that not only did appellant raise the issue in his original petition for review (i. e., that no findings of fact and conclusions of law were made), but in his supplemental petition, filed after the findings of fact and conclusions of law were filed, wherein he pleaded that the findings of fact and conclusions of law did not accompany the original decision. The matter was further presented by Point IV of appellant's original brief here. It is apparent that no new matter was introduced. It is not necessary to consider whether *Stephen & Stephen Properties, Inc. v. State Tax Com'n*, 499 S.W.2d 798, 804[8, 9] (Mo.1973), is prospective only in its holding that the agency cannot postpone making its findings of fact and conclusions of law until the notice is received of the filing of the petition for review, and then later making findings and conclusions of law which will support that decision. Here, appellant filed a supplemental petition for review, and in Missouri *U. Meth. Retire. Homes v. State Tax Com'n*, 522 S.W.2d 745, 748 (Mo.1975) [where plaintiff amended its petition for review after the findings and conclusions were filed, as here, "presumably to meet any new issue presented by the findings and conclusions"], it was held that there was no prejudice to plaintiff. Not only is respondents' motion to dismiss overruled, but necessarily, the *U. Meth. Retire. Homes* case controls and appellant's Point IV (and his reply brief Point V) are ruled against him.

Appellant's Point I is that the judgment of the trial court is unlawful because the

letter of dismissal failed to give him a written statement setting forth in substance the reason for dismissal as required by § 36.380, RSMo (Amended Laws 1974, 1st Ex.Sess. p. 515, H.B.No.8, § 1); and the letter of dismissal failed to set forth specific instances as required by the Rules and Regulations of the Personnel Advisory Board.

§ 36.380 provides in part: "An appointing authority may dismiss for cause any employee in his division occupying a position subject hereto when he considers that such action is required in the interests of efficient administration and that the good of the service will be served thereby. No dismissal of a regular employee shall take effect unless, prior to the effective date thereof, the appointing authority gives to such employee a written statement setting forth in substance the reason therefor and files a copy of such statement with the director. * * * ."

Rule 13.2 of the Personnel Advisory Board, which supplements the statute, provides "with respect to suspension, demotion, or removal from classified service", these causes: "* * * (b) Is incompetent or inefficient in the performance of the duties of his position (specific instances to be charged); * * * (f) Has been habitually tardy in reporting for duty or has absented himself frequently from duty during regular working hours."

The April 18, 1972, letter of the appointing authority [Western Missouri Mental Health Center] dismissing appellant is:

"You are hereby dismissed from employment by the Division of Mental Health for violation of the Missouri Personnel Board Rule 13.2.

Rule 13.2 reads as follows:

(b) Is incompetent or inefficient in the performance of the duties of his position.

(f) Has been habitually tardy in reporting for duty or has absented himself frequently from duty during regular working hours.

In an incident report dated April 18, 1972, it was reported that on April 7, 1972 you left WMMHC with important statistical reports. You then called in both April 10th and 11th, ill. This incident is important in that the papers were needed in Jefferson City and were not available.

On April 18, 1972 you called to advise you would be late for work. This was at 2:00 P.M. You reported for work about 2:25 P.M.

On February 28, 1972 you failed to report for work. This was following a three day suspension.

On February 16 and 17, 1972 failed to report for work or call in.

On September 28, 1971 you failed to report for work and did not call in.

We enclose copies of the above mentioned incident reports.

Accordingly, you are hereby dismissed effective at the close of business on April 21, 1972. You are suspended from April 19, 1972 until the date of your dismissal.

You are advised that you may appeal your dismissal to the Missouri Personnel Board provided such appeal is made in writing within thirty days of the effective date of your dismissal."

■ Appellant is correct that the purpose of the requirement of the statute that the substance of the reason for dismissal be set forth, and under Rule 13.2 that specific instances be set forth as to incompetency or inefficiency, is so he can protect himself under the State Merit System by the appeal of the reasons to the Personnel Advisory Board and to the courts. See 63 Am.Jur.2d, Public Officers and Employees, § 215, p. 760. It is apparent, even though the dismissal letter did not charge that appellant was incompetent or inefficient in the performance of his duties *by reason* of taking important statistical reports away from WMMHC, which papers were needed in Jefferson City, it is a fair construction that the incident was specifically the reason for the charge of incompetence or inefficiency. No doubt, that incident was the precipitating cause of the dismissal—an act which may be inferred to have interfered with the effi-

cient operation of WMMHC, although it was not claimed that the removal of the reports was done in violation of any office policy.

 It is true that the single incident of tardiness charged in the dismissal letter would not constitute habitual tardiness, and standing alone would not constitute a sufficient basis for discharge from employment. There were, however, specific instances charged of absence from duty during regular working hours. Certainly, those absences would be a sufficient *cause* for dismissal under the statute. The question is whether the three absences are "frequent" so as to be a reasonable basis for dismissal. It is unnecessary to adopt appellant's construction of "frequent" or his reliance upon *Churchwell v. State,* 22 S.E.2d 824 (Ga. 1942), that the word means "'numerous;' 'often to be met with;' 'happening at short intervals;' [or] 'often repeated or occurring.'" § 36.380, supra, gives discretionary authority to the appointing authority to dismiss for cause any employee when he considers that such action is required in the interests of efficient administration and that the good of the service will be served thereby. Upon appeal, the Personnel Advisory Board *may* "Sustain the dismissal of such employee, unless the board finds that the dismissal was based upon political, social, or religious reason, * * *." § 36.-390.5(2). Appellant does not claim that his dismissal was *not* for the good of the service, a ground of review under § 36.390 Subd. 5. Among the grounds of inquiry on review of the action of the agency under § 536.140 RSMo 1969, the court may determine whether it (2) * * * is in excess of the statutory authority or jurisdiction of the agency; (3) Is unsupported by competent and substantial evidence upon the whole record; (4) Is, for any other reason, unauthorized by law; (5) Is made upon unlawful procedure or without a fair trial; (6) Is arbitrary, capricious or unreasonable; and (7) Involves an abuse of discretion. Clearly, the actions of the appointing authority and the Personnel Advisory Board

were within their statutory authorities and jurisdiction. The record shows that incidents charged were supported by competent and substantial evidence, "substantial" in the sense that it supports the discretionary determination that the dismissal was for the good of the service. Since there was adequate specification of the charges to inform appellant thereof, the action was not unauthorized by law. Appellant had a fair trial. In view of the statutorily granted discretion the decision was not arbitrary, capricious or unreasonable and did not involve an abuse of discretion. The admonition of § 536.140 5, is that "the court shall not substitute its discretion for discretion legally vested in the agency." *Greene County v. Hermel, Inc.,* 511 S.W.2d 762 (Mo.1974); *Missouri Real Estate Commission v. Steger,* 509 S.W.2d 47 (Mo. banc 1974).

 The finding of the Personnel Advisory Board that appellant was absent without authority for two days after he took away the statistical reports is not supported by the evidence, for the attendance at work record shows that he was on authorized sick leave for those two days. The findings are otherwise amply supported by the record.

 By Point V, appellant says that the removal of his name from all registers under the State Merit System by the Director of the Personnel Division, and the action of the Personnel Advisory Board upholding the same, are unlawful. By Point VI he claims that the refusal of the director to restore his name to the registers, at his request, and the action of the Personnel Advisory Board upholding the director, are unlawful. By letter of May 18, 1972, the director of the Board struck appellant's name from the following registers: Clinical Casework Assistant I, Alcoholism Counselor Assistant II, Caseworker, Alcoholism Counselor I, Health Educator I, and Health Program Representative I. § 36.390, subd. 4, RSMo 1969, provides that an eligible whose name has been removed from a register may appeal to the board within 30 days

after notification. Appellant did not seek to amend his appeal of his dismissal by the appointing authority to include the matter of removal of his name from the registers. The appeal was not timely made on the supplemental matter, and therefore, will not be considered. It is noted, however, that by letter of November 22, 1972, the Personnel Advisory Board ordered that appellant's name be returned to the Merit System register for Alcoholism Counselor Assistant I.

The judgment is affirmed.

All concur.