Harry N. MORRIS, Jr., Respondent,

v.

DIVISION OF PROBATION AND
PAROLE, Appellant.

No. 45633.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 15, 1983.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 13, 1983.

Jay D. Haden, Jefferson City, for appellant.

Darrill S. Beebe, St. Charles, for respondent.

CRIST, Judge.

Administrative law case.

Pursuant to § 36.380, RSMo.1978, respondent (employee) was discharged for the good of the service by the Missouri State Board of Probation and Parole (employer). He was dismissed because he frequently absented himself from duty during regular working hours. Employee appealed his dismissal to the Personnel Advisory Board of the Missouri Division of Personnel (Board) whereupon a hearing was held. Employee and employer were each represented by counsel. The Board upheld the dismissal of employee on the ground employee was guilty of frequently absenting himself from duty during working hours. Employee appealed to the circuit court. The circuit court reversed stating there was no competent and substantial evidence to support the Board's finding of frequent absences. We disagree and reverse the judgment of the circuit court.

The question presented is whether employee absented himself frequently from duty during working hours. See, *Holley v. Personnel Advisory Board,* 536 S.W.2d 830, 833 (Mo.App.1976). This court must review the decision of the Board and affirm that decision if it is supported by competent and substantial evidence on the whole record. *Mueller v. Ruddy,* 617 S.W.2d 466, 472 (Mo. App.1981). The evidence must be "substantial in the sense that it supports the discretionary determination that the dismissal was for the good of the service." *Holley,* 536 S.W.2d at 833. Furthermore, "[t]he evidence must be considered in a light most favorable to the administrative body, together with all reasonable inferences which support it, and if the evidence would support either of two opposed findings, the

reviewing court is bound by the administrative determination." *Hermel, Inc. v. State Tax Commission,* 564 S.W.2d 888, 894 (Mo. banc 1978).

Employee's supervisor had been made aware of employee's routine absences from the office during the late morning and early afternoon hours. His attention alerted to the situation, supervisor began keeping track of employee's comings and goings for several weeks. A pattern evolved wherein supervisor noted employee would leave the office at 10:30 a.m. at the earliest and not return until 3:30 or 4:00 p.m. at the latest. Supervisor stated these would be the outside times and employee would be gone anywhere in between those hours.

Having ascertained employee's departure time, on March 18, 1980, supervisor drove to employee's home shortly before 10:30 a.m. Employee arrived soon afterward. Employee pulled his car into the garage and entered the house from the garage. Supervisor continued watching the home for 15–20 minutes until he had to leave. Supervisor did not note if, or at what time, employee returned to the office that day.

On March 19, 1980, supervisor returned to employee's home at 10:45 a.m. Employee arrived home at 12:15 p.m. and had not yet left at 2:45 p.m. when supervisor had to leave. Employee returned to the office at 3:45 p.m.

On March 20, 1980, supervisor, accompanied by assistant supervisor, arrived at employee's home at 10:35–10:45 a.m. Employee came home at 10:55 a.m. and pulled into his garage. At 11:55 a.m. employee emerged from his home dressed in running attire, and began running down the street. Supervisor and assistant supervisor followed employee for a short distance until they decided to return to employee's house to wait for him. Employee returned home at 1:35 p.m. When he returned, he ran in place for a few minutes and then entered his house. He did not appear to be ill. At 2:15 p.m., employee opened his garage door, backed his car out of the garage and drove away. Supervisor and assistant supervisor waited a few minutes before returning to the office but arrived there before employee. Employee arrived at the office at 2:30 p.m., carrying a bag from a fast food restaurant. Employee remained in his office, eating his lunch until 3:00 p.m.

Employee did not submit any request for sick leave or vacation for March 18–20 although such a request is required when an employee is not on duty.

Appellant argues because supervisor documented only 15–20 minutes of the March 18, 1980 trip home, and because that amount of time could easily fall within the auspices of an early lunch break, that that visit may not count against him. He then argues that if you exclude the first trip home supervisor is only left with two trips home and in order for him to be found guilty of "frequently" absenting himself from work, he must have absented himself from work at least three times. He cites to *State v. Noell,* 220 Mo.App. 883, 295 S.W. 529, 530 (Mo.App.1927), in support of his premise that "frequent" means at least three. In *State v. Noell,* the court was attempting to construe an element of the offense of barratry. Barratry is the offense of "frequently exciting and stirring up suits."

◾ We disagree with appellant's analysis of the term "frequently" in this case. "Frequently" also gives rise to the notion of habitually or regularly. *Kenilworth Ins. Co. v. Cole,* 587 S.W.2d 93, 99 (Mo.App. 1979). Three occurrences in a six year period would not be frequent whereas two or three occurrences on consecutive days may very well be considered "frequent." Here supervisor first observed a daily pattern in employee's absences. Upon investigation on three consecutive days, supervisor observed employee return to his home during regular office hours. We find the discernable pattern in employee's absences coupled with the results of the investigation, support the discretionary determination that the dismissal of this employee was for the good of the service. Section 36.380, RSMo. 1978; *Holley v. Personnel Advisory Board,* 536 S.W.2d 830, 833 (Mo.App.1976).

Appellant's Points II and III, cite no authority and are accompanied by little or no argument, therefore, they are not reviewable by this court. *State v. Warters,* 457 S.W.2d 808, 811 (Mo.1970).

Judgment of the circuit court is reversed. We reinstate the judgment of the administrative law judge.

CRANDALL, P.J., and REINHARD, J., concur.