**John MAYFIELD, Appellant,**

v.

**Rodger J. WALSH, et al, as Members of the Personnel Advisory Board, Respondents,**

**Frank C. Winter, Respondent.**

**No. WD 37070.**

Missouri Court of Appeals, Western District.

Feb. 11, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied March 27, 1986.

Application to Transfer Denied May 13, 1986.

William L. Webster, Atty. Gen., Joann Leykam, Asst. Atty. Gen., Jefferson City, for appellant.

D. James Mariea, Whitlow, Riley, Mariea & Dunlap, P.C., Fulton, for respondent Winter.

Before NUGENT, P.J., and SHANGLER and MANFORD, JJ.

NUGENT, Presiding Judge.

This is an appeal from the affirmance of an administrative decision of the Missouri Personnel Advisory Board, which ordered reinstatement of Frank Winter, a Fulton State Hospital merit system employee. The superintendent of the hospital had dismissed Winter from his position as Security Aide II on the grounds of abuse of sick leave and conflicting employment. The board reinstated him to his former position

with restoration of one month's salary. For reasons set forth below, we affirm the judgment.

The allegations of abuse of sick leave and conflicting employment lodged against Mr. Winter arose from the following circumstances. He requested sick leave on four consecutive days: January 17 through 20, 1984. He was ill on the 17th, but on the 18th through the 20th he was working at the Union Electric Plant where he held a second job.

The hospital was aware that Winter and several other employees had second jobs, and such practice was condoned unless the additional employment conflicted with the employee's scheduled working hours at the hospital. The hospital authorities became aware that Winter had worked at his second job on the days that he had requested sick leave. When questioned about the matter, he first denied having worked for Union Electric while on sick leave, but when his supervisor began calling Union Electric to verify his denial, Winter confessed that he had in fact worked there on January 18, 19 and 20.

The supervisor then changed Winter's absences from sick leave to unauthorized absence without pay and forwarded a staff recommendation to the hospital superintendent, John Mayfield, suggesting that Winter be placed on three-day suspension without pay. Disagreeing with his staff recommendation, Superintendent Mayfield, discharged Winter.

Mr. Winter appealed his dismissal to the board which ordered his reinstatement with one month's back pay on the basis of his otherwise good employment record, the fact that he had obtained no monetary benefit from his attempted deception and the board's finding that previous incidents of a similar nature had been dealt with less severely than by dismissal.

The circuit court affirmed the administrative decision. Superintendent Mayfield raises two points on appeal. He argues first that the board made no finding of fact to support its fourth conclusion of law that "prior offenses of this nature have been punished by less stringent means than dismissal." He further contends that such conclusion was not supported by competent and substantial evidence upon the whole record. His second point merely expands on his first. He contends that the administrative decision was based on a finding by the board that Winter was terminated solely for abuse of sick leave whereas the evidence clearly established conflicting employment as an additional ground for dismissal. Once again he concludes that the record thus failed to support the finding that prior similar offenses had been punished less severely in that the only prior instance of abuse of sick leave combined with conflicting employment was dealt with in exactly the same manner—by termination immediately upon discovery. Our analysis which follows considers the two points as one.

Testimony at the hearing before the board disclosed three specific prior instances of abuse of leave time by hospital employees. The first incident involved several employees who called in sick on the same day in order to play softball. This matter was never brought to the attention of the superintendent or personnel officer but was instead handled informally by the employees' supervisor who changed the absence from sick leave to an unauthorized vacation day. The second leave violation was committed by an employee who took funeral leave for a person who was not a member of his immediate family. The leave time was changed to an unauthorized absence without pay and the employee was given an additional three-day suspension without pay. The final incident of abuse involved Ina Franks; she claimed sixteen days extended sick leave while working at a second job. The abuse was not immediately discovered and she received payment for the claimed sick leave. When the deception came to light she was terminated and prosecuted for the return of the wrongful payment.

On this appeal, the subject of review is the administrative decision of the agency, *Watkins v. State Board of Registration*

*for the Healing Arts,* 651 S.W.2d 582 (Mo. App.1983), and the court may not substitute its discretion for that legally vested in the agency. *Holley v. Personnel Advisory Board,* 536 S.W.2d 830, 833 (Mo.App.1976); § 536.140.5, RSMo 1978. Nevertheless, the court may determine whether the ruling is supported by competent and substantial evidence upon the whole record, is arbitrary, capricious or unreasonable, or constitutes an abuse of discretion. *Hermel, Inc. v. State Tax Commission,* 564 S.W.2d 888, 894 (Mo.1978) (en banc). The evidence and all reasonable inferences are viewed in the light most favorable to the board and its determination must be upheld if the evidence would support either of two conflicting findings. *Id.*

The board found that Mr. Winter did engage in conflicting employment and that he did abuse sick leave knowing that it was a forbidden practice subject to punishment. It further found that such abuse, by its very nature, included the act of falsifying an official document—an act which, according to the disciplinary guidelines of the Department of Mental Health, was cause for dismissal upon the first offense. Nevertheless, the board concluded that "having found that prior offenses of this nature had been punished by less stringent means than dismissal," Winter's dismissal should be disapproved.

Initially, we will address Mr. Mayfield's contention that the board failed to enter a finding of fact to support its conclusion that prior similar offenses had been punished less severely. The finding of fact which is relevant to this matter reads as follows:

> 7. In view of the fact that the Appellant had a very good attendance record and a very good work record, and considering as well that prior practices at Fulton State Hospital had been to punish abuse of sick leave with the least stringent disciplinary action practicable in the circumstances, the Appointing Authority's staff recommended a disciplinary measure less stringent than dismissal....

Although this finding appears merely to state the reason for the staff's recommendation, the conclusion's introductory language—"having found"—indicates that the board also found such to be the facts.

Mr. Mayfield next attacks the sufficiency of the evidence to support the finding and conclusion. Clearly, the softball and funeral incidents recounted above are examples of abuse of leave time which did not result in the termination of the employees involved whereas the opposite is true of the Franks incident. Bearing in mind that it is impermissible in reviewing an administrative decision to assume that the agency found facts in accordance with the result reached, *Century State Bank v. State Banking Board,* 523 S.W.2d 856, 858 (Mo. App.1975), the standard of review nevertheless dictates that the determination be upheld where, as here, the evidence would support either of two conflicting findings. *Hermel, supra,* at 894.

The board's decision implies that while recognizing that Winter, like Franks, engaged in conflicting employment, the board viewed his misconduct as less egregious. The evidence includes support for that distinction. The resultant conclusion that the disciplinary action taken against Winter should have conformed with that taken in other less flagrant violations was not arbitrary, capricious or unreasonable nor did it constitute an abuse of discretion.

Accordingly, we affirm the judgment.

SHANGLER, J., concurs.

MANFORD, J., dissents by way of separate opinion.

MANFORD, Judge, dissenting.

I must dissent in this matter.

It is clear from the facts set forth in the majority that the practice of the Missouri Personnel Advisory Board is to decide employee disciplinary matters on a comparative basis of punishment or discipline between various employees rather than to enforce the rules and regulations applicable to public employers. The facts establish that Winter herein not only undertook con-

flicting employment with his state paid employment, but when confronted with the matter he lied about it.

It is incredible that a public agency could find, upon the evidence, that an employee attempted deception regarding his employment behavior, then rationalize that since he gained no monetary gain and since other employees had also been reprimanded (but in a different manner), the employee (Winter) was entitled to reinstatement and full salary.

The Board's decision makes a mockery of the employment procedure of the state. In turn, the courts, by adoption of the majority view, have become a party to that mockery.

A close reading of finding no. 7 does not constitute, in my opinion, a "finding" as stated in the majority opinion.

I would reverse the judgment of the trial court and remand this case with instructions that the trial court direct the reinstatement of the original discharge of the employee.