**Larry McCLELLON,
Plaintiff–Appellant,**

v.

**Al GAGE, Director Division of Youth Services, Defendant–Respondent.**

No. 15975.

Missouri Court of Appeals,
Southern District,
Division Two.

April 27, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied
May 11, 1989.

Application to Transfer Denied
June 13, 1989.

---

Daniel T. Moore, L. Joe Scott, Daniel T. Moore, Poplar Bluff, for plaintiff-appellant.

Donald B. Kammerer, Dept. of Social Services, Div. of Legal Services, Jefferson City, for defendant-respondent.

PREWITT, Judge.

Appellant was discharged from his employment with the Division of Youth Services. He appealed his termination to the Personnel Advisory Board who upheld the termination. Appellant then sought judicial review of that decision and the Circuit Court of Butler County affirmed the Personnel Advisory Board's decision.

In his first point appellant contends that he was not properly given the notice required by § 36.380, RSMo 1986, because the notice of termination he received did not set forth the actual reason for his termination. Appellant was given written notice stating that he was terminated for various described acts of "insubordination" occurring on January 9, 1987. These were:

- Your failure to follow your assigned schedule;
- Your refusal to answer the verbal request of the Education Supervisor, Dennis Gragg, concerning your failure to follow your assigned schedule which called for your youth group to attend their recreation activities;
- Your refusal to accept and follow a directive issued by Mr. Gragg at the request of the Facility Manager, Steve Prejean. That directive was for you to follow your assigned schedule;
- Your refusal to go to Mr. Prejean's office, as directed by Mr. Prejean through Mr. Gragg, to discuss your refusal to follow your assigned schedule. This second act of insubordination caused Mr. Prejean to hand deliver the attached notice to you personally.

Appellant claims that the record before the Personnel Advisory Board established that he was fired as a result of actions and comments he made during a conversation on January 9, 1987, when the insubordination allegedly occurred, between appellant and Dennis Gragg, the Education Su-

pervisor at the Sears Youth Center, but only because Al Gage, the Director of Youth Services, "was under the mistaken impression that all of the actions and conversations ...took place in front of and were observed and heard and seen by the students at the Sears Youth Center, which is a completely different ground for dismissal than what was stated in writing by the appointing authority".

In part § 36.380, RSMo 1986, provides that "[n]o dismissal of a regular employee shall take effect unless, prior to the effective date thereof, the appointing authority gives to such employee a written statement setting forth in substance the reason therefor". The purpose of the notice required by this section is to sufficiently inform an employee of the reason for discharge to enable him to attempt to prepare a defense to that reason. *Brixey v. Personnel Advisory Board*, 607 S.W.2d 825, 826–827 (Mo.App.1980); *Holley v. Personnel Advisory Board*, 536 S.W.2d 830, 832 (Mo.App. 1976). Whether a sufficient notice is given is a question of law and the decision of the Personnel Advisory Board on this issue is not binding on this court in reviewing their decision. *Brixey*, 607 S.W.2d at 827.

The hearing before the Personnel Advisory Board was commenced on September 12, 1987. At the end of that day it was continued to November 19, 1987. Al Gage testified on September 12. It is his testimony which appellant relies on in contending that he was terminated only because Gage thought that the students could see and hear the conversation between appellant and Dennis Gragg. Appellant argues that if he had known this information he "would have and could have done extensive discovery, he could have subpoenaed records, he could have subpoenaed students who were present at that time, he could have and would have approached the whole hearing in a different manner." In his brief he makes an "analogy to criminal law" and states that he was denied constitutional protection because the notice made the procedure unlawful and denied him "a fair trial."

Even if appellant is correct that the conversation taking place in front of students was the determinative factor in his termination, he knew this on September 12, 1987. He did not present his evidence until November 19, 1987, which gave him adequate time to meet this contention. Instead, his defense to the termination throughout the hearing was that he was fired for talking to the news media about students at the youth center not receiving adequate medical treatment. He made no attempt to show that the students could not have seen or heard the conversation.

"Charges in a notice of dismissal need not meet the specificity of a criminal indictment." *Giessow v. Litz*, 558 S.W.2d 742, 749 (Mo.App.1977). Supplemental memorandum given a discharged employee can be considered as a part of the notice. *Id.; Friedman v. Miller*, 525 S.W.2d 770, 771–772 (Mo.App.1975). If the employee has adequate notice to enable him to prepare a defense to the reason for termination, which notice can occur during a two-stage hearing, such notice does not deny him due process or a fair hearing. *Giessow* 558 S.W.2d at 750; *Friedman*, supra. See also *Brixey*, supra. Appellant received adequate notice of the reasons for his termination in time for him to defend those charges. Point one is denied.

■ For his second point appellant contends that the decision of the Personnel Advisory Board was unsupported by competent and substantial evidence on the whole record because many other employees had failed to follow their assigned schedules and they were not subject to any discipline. Appellant states that his discharge would be inequitable and unsupported by the evidence as he was singled out and his termination was an arbitrary, capricious and unreasonable act because he was treated differently than all others engaged in the same conduct.

The decision of the Personnel Advisory Board cannot stand if it is unsupported by competent and substantial evidence upon the whole record. *Downs v. Personnel Advisory Board*, 671 S.W.2d 12, 15 (Mo. App.1984). We review to determine if

there was competent and substantial evidence to support the Board's finding.

"Insubordination" means a wilful disregard of express or implied direction or a defiant attitude and "rebellious", "mutinous", and "disobedient" are often used as definitions or synonyms of "insubordinate". *Shockley v. Board of Education*, 51 Del. 537, 149 A.2d 331, 333–334 (Super.), *rev'd on other grounds*, 52 Del. 237, 155 A.2d 323 (1959). See also *Washer v. Bank of America Nat. Trust & Savings Ass'n*, 87 Cal.App.2d 501, 197 P.2d 202, 207 (1948).

There was ample evidence to support the four acts described in the notice of termination as well as that these could have been seen and heard by students. There was evidence that he had earlier been told to follow his assigned schedule in taking the students to recreation but refused to do so on the date mentioned. He also refused to follow the schedule when specifically directed through Mr. Gragg. He refused to go to the office of Steve Perjean (sometimes spelled in the record as Prejean), the facility manager, when directed. Previously appellant had been reprimanded for insubordination. These factors were sufficient to support a discharge. Appellant's contention that these incidents were not the true reason for his discharge was rejected by the Board. It had competent and substantial evidence to support its findings.

The judgment is affirmed.

FLANIGAN, P.J., and MAUS, J., concur.